JAMES LORD and others v. R. W. HARDIE, Sheriff.

*Church property not liable for pastor's salary.*

1. The trustees of a church represent a *quasi* corporation under the statutes of this state and are accountable to the congregation for the use and management of the church property.

2. The pastor of the first colored Baptist church of Fayetteville recovered judgment against the trustees of said church for an amount alleged to be due on account of salary and an execution was levied upon the communion service ; *Held*, that it was not liable to seizure and sale under said execution.

(*Stith* v. *Lookabill*, 76 N. C., 465, cited and approved.)

CONTROVERSY submitted without action under C. C. P., § 315, and heard in CUMBERLAND Superior Court, on the 22d of January, 1880, before *Buxton, J.*

Judgment for plaintiffs and appeal by defendant.

Mr. *T. H. Sutton*, for plaintiffs.

Messrs. *Guthrie & Carr*, for defendant.

SMITH, C. J. This is a controversy submitted without action upon a case agreed, the facts of which are as follows:

The defendant, as sheriff, by virtue of a writ of *fieri facias* issued to him on a judgment recovered by John A. Farior, former pastor of the first Colored Baptist church of Fayetteville, against the plaintiffs, trustees of said church, for his pastoral services, seized and took into his possession, a silver pitcher, two silver plates and two silver goblets, with the box in which they are kept, used in the public worship of the church and constituting its communion service. The articles were purchased with money derived from the voluntary contributions of its members and donated to the

16

church. The present proceeding is to recover possession, and the only question for us to determine is whether these articles are liable to seizure and sale under an execution against the trustees.

We have been unable to find, nor have the researches of counsel furnished us with, any decided case or authority bearing upon the point, for the reason perhaps that this is the first instance that an attempt has been made to subject property, so dedicated to religious uses, to the payment of a debt. We must, therefore, determine the question upon general principles.

Under the laws of this state, every worshiping and organized body of men, constituting a religious congregation is a *quasi* corporation, with power to remove and appoint at pleasure the trustees in whom its estate, real and personal, is vested for the sole use and subject to the control and management of the congregation. The trustees are depositaries of the naked legal title, with a capacity to sue and be sued, not generally, but only "for or on account of the donations and property so held or claimed by them, and for and on account of any matter relating thereto." And they are made accountable to the congregation for the use and management of the property they hold, and to surrender it to any person authorized to demand it. Bat. Rev., ch. 101.

It is thus apparent that the trustees hold the property vested in them by law, in their corporate capacity, for the exclusive use of the congregation and under its direction and control. They do not participate in the employment of a pastor nor are they liable for his services.

If a sale under a *fieri facias* against the trustees could have the effect of transferring the legal estate, the purchaser would become a trustee and the trusts would follow and attach thereto. The result would be to substitute him in place of the trustees and defeat that provision of the law which makes the tenure of office dependent upon the will

of the congregation and to compel a reconveyance. As a court of equity would in such case interpose to prevent such a proceeding, the court as now constituted will not permit to be done that which, if done, would affect injuriously the beneficial owners and be of no practical advantage to the party.

And so it is held that the grantee of a trustee will not be allowed to recover the land from the owner of the equitable estate entitled to possession, nor from his assignee. *Stith* v. *Lookabill*, 76 N. C., 465.

We are not prepared to concede that such articles dedicated to religious use exclusively, and necessary in public worship, are not protected by law from seizure and sale under the constitutional guaranty that secures the people in the unmolested "right to worship Almighty God according to the dictates of their own consciences," to which private interests must yield. But it is not necessary to determine the point. The trustees not being endowed by law with capacity to divert the property to other and different purposes, nor, in their corporate character, to contract a debt for which they can be taken, we are of opinion that the seizure by the sheriff under the writ of the articles was unauthorized by law, and under the terms of the case agreed, must be surrendered, and it is so adjudged.

No error. Affirmed.