C. B. WAY v. J. T. RAMSEY ET AL., INDIVIDUALLY AND AS TRUSTEES OF THE
 METHODIST PROTESTANT CHURCH OF SHELBY, J. T. RAMSEY, AS
 DELEGATE, AND THE METHODIST PROTESTANT CHURCH OF SHELBY.

(Filed 17 November, 1926.)

1. **Pleadings—Demurrer—"Speaking" Demurrer.**

   Construing pleadings upon demurrer, the allegations thereof are ad-
   mitted with all reasonable inferences therefrom in favor of the pleader,
   and where to sustain the demurrer it becomes necessary to set up further
   matter in defense, it is bad as a speaking demurrer.

2. **Religious Societies—Churches—Ministers of the Gospel—Contracts—
   Principal and Agent—Salaries.**

   A body of men constituting a religious denomination is a *quasi* cor-
   poration, and confers upon its duly appointed officers or trustees the
   power to make contracts with pastors or ministers of the Gospel to take

charge of its religious affairs, and when these properly constituted agencies acting alone as such make a contract of this character, they are not liable individually for the payment of the salary agreed upon to be paid by the congregation they represent.

**3. Same.**

A contract made by the congregation of a church for the payment of the salary of their duly appointed minister of the Gospel, is enforceable in certain instances.

APPEAL by plaintiff and defendants from *Shaw, J.,* at May Term, 1926, of DAVIDSON. Affirmed.

In his complaint the plaintiff alleges that the defendants contracted with him for his services as pastor of the Methodist Protestant Church of Shelby for one year, beginning in November, 1924, at an agreed salary of $1,100; that he complied with his part of the contract; that the defendants have paid on the contract $771.94, leaving unpaid the sum of $328.06; that he has demanded the remainder alleged to be due and the defendants have refused to pay it. He alleges that the church, by its agent, trustees, and stewards acquiesced in and ratified the acts of its agent in securing his services and permitting him to remain as pastor for the year without objection and by paying a part of his salary; that Ramsey, Gantt, and Chapman are trustees; that Ramsey was a duly elected delegate to the conference held in November, 1924; that he is also treasurer of the church; that McFarland, Chapman and Johnson are members of the church and of its board of stewards; and that the Methodist Protestant Church of Shelby is a corporation and the owner in fee of a lot and church building in Cleveland County. He sues to recover the remainder alleged to be due on his salary.

A demurrer was filed on behalf of all the defendants and it was sustained as to all of them except the Methodist Protestant Church of Shelby, and as to this defendant it was overruled. The plaintiff and the church excepted and appealed.

*A. J. Newton and Walser & Walser for plaintiff.*
*B. T. Falls for defendants.*

ADAMS, J. By filing a demurrer the defendants admit the plaintiff's allegations and such inferences as may reasonably be drawn therefrom and present the question whether in law the complaint states a cause of action against all the defendants or against either of them. *Sandlin v. Wilmington,* 185 N. C., 257; *Manning v. R. R.,* 188 N. C., 648, 663.

WAY *v.* RAMSEY.

Under our statute law an organized body of men constituting a religious congregation is a *quasi* corporation with power to appoint and remove its duly constituted officers and agents. The acts of such officers and agents performed within the scope of delegated authority are usually treated as the acts of the congregation or society. *Lord v. Hardie,* 82 N. C., 241; *St. James v. Bagley,* 138 N. C., 384; C. S., 3568 *et seq.* This is in accord with the general doctrine: a contract made by a known agent acting within the scope of his authority for a disclosed principal, nothing else appearing, is the contract of the principal alone (21 R. C. L., 846), although the agent of a disclosed principal may by special agreement bind himself to performance of the contract. *Caldwell County v. George,* 176 N. C., 602. The plaintiff alleges that the delegate, the trustees, and the stewards were the agents of the church; if, as alleged, they made the contract as agents of a disclosed principal they are not thereby personally obligated to make good the deficiency in the salary. The result is that the judgment sustaining the demurrer as to all the defendants except the church, or *quasi* corporation, must be affirmed.

The other question is whether the complaint sets out a cause of action against the Methodist Protestant Church of Shelby. As to this the defendant impeaches the sufficiency of the complaint on the ground that the plaintiff was an appointee of the Conference; that as no fund is set apart for the payment of the plaintiff's salary he must depend upon voluntary contributions; that this defendant had no voice in procuring the plaintiff's services; and finally that the maintenance of the action is incompatible with the plaintiff's commission.

Some of these objections we cannot consider. They are in the nature of a "speaking demurrer" in that they invoke the aid of matters not appearing in the preceding pleading—matters which can be pleaded as a defense only by filing an answer to the complaint. *Sandlin v. Wilmington, supra.*

For the present purpose we may admit, without deciding, that the pastor of a religious congregation who relies entirely upon voluntary contributions for his salary cannot maintain an action therefor. 23 R. C. L., 465. Still, the question of liability for the salary of a minister or pastor is governed by the principles which prevail in the law of contracts, and it is generally held that a valid contract for the payment of such a salary will be enforced. The salary to be paid and the terms upon which the pastoral relation shall be formed ordinarily are to be determined by the parties themselves or by some appropriate tribunal created by the church. This defendant contends that its rela-

tion to the plaintiff grew out of a system of ecclesiastical control to which the plaintiff was subject, and that disregard of the exercise of such control by a proper church tribunal would tend to the subversion of the organization. In reality this is possible; but this defense is not pleaded by the demurrer. The substance of the complaint is, not that the plaintiff was appointed by the Conference or by any other supervising authority, but that the plaintiff and the Methodist Protestant Church of Shelby without any intervening agency made an express contract, the terms of which are stated; the demurrer admits that the contract was made as alleged; it thereby admits that a cause of action exists. In the fifth paragraph of the complaint there is a reference to the Methodist Protestant Conference held in November, 1924—but a reference only. The defense relied on here is similar to that which was sustained in *Baldwin v. First Church,* 52 L. R. A. (N. S.), 171; but in that case an answer was filed setting forth all the facts. Whether the defense proposed in the present case is valid we need not consider, because, as indicated, it cannot be interposed by demurrer. *St. Luke's Church v. Matthews,* 6 A. D., 619; *Presbyterian Church v. Myers,* 38 L. R. A., 687, and annotation; 34 Cyc., 1144; 24 A. & E., 334. We find no error in the judgment overruling the demurrer of the Methodist Protestant Church of Shelby. The judgment is therefore affirmed on both appeals.

Affirmed.