E. A. EDWARDS ET UX. v. W. T. MEADOWS.

(Filed 29 February, 1928.)

**1. Mortgages—Rights and Liabilities of Parties.**

> Where the purchaser of lands assumes prior encumbrances thereon and takes under a deed warranting an unencumbered title, and mortgages the land back for the payment of the purchase price, and then conveys to the defendant against whom the plaintiff brings action after the lands had been sold under the first mortgage for wrongfully removing a building from the mortgaged premises without his consent: *Held,* the defendant is not a party to the plaintiff's deed and he cannot claim the benefit of the warranty therein, or be thus advantaged by his own tort.

**2. Same.**

> Where a second mortgagee has been damaged by the act of the mortgagor in removing a dwelling from the mortgaged premises, and the lands have been foreclosed by the first mortgagee, the measure of his damages, in his action to recover them, is the value of the building so removed within the amount due and unpaid upon his note secured by his recorded mortgage.

CIVIL ACTION, before *Townsend, Special Judge,* at October Special Term, 1927, of MARTIN.

The plaintiffs, being the owners of a certain lot in the town of Williamston, executed two deeds of trust upon the land to A. R. Dunning, trustee, to secure the payment of certain notes. These notes, at the time of the public sale of the property, were owned by the Martin County Savings and Trust Company. Thereafter the plaintiff sold the property to L. T. Fowden for $4,000, receiving a cash payment of $1,500. It was agreed between the plaintiffs and Fowden that the purchaser Fowden should assume and pay off as a part of the purchase price the aforesaid notes held by the Trust Company, amounting to $500, and this $500 was deducted from the purchase price. To secure the balance then remaining of the purchase price, aggregating $2,000, Fowden executed and delivered to the plaintiffs five notes of $400 each and secured the payment thereof by deed of trust upon said land to A. R. Dunning, trustee. Fowden made certain payments, reducing the $2,000 mortgage to the sum of $1,093.90. Prior to the 26th day of May, 1924, the defendant Meadows, without the knowledge or consent of plaintiffs, moved off the mortgaged premises a dwelling-house situate thereon, and placed said house upon a lot owned by him. Thereafter on the 26th day of May, 1924, Dunning, trustee, upon the request of the Savings and Trust Company, advertised said property and sold it at public auction under the first deed of trust aforesaid. At the sale the naked lot brought $1,000, and the trustee disbursed the proceeds of the sale by paying off the $500 mortgage which, with accrued interest, amounted to $650.16, the taxes due upon the premises and the costs of sale, and paid the surplus, amounting to $243.49, to the plaintiffs. On the date of the sale the balance due plaintiffs on Fowden's mortgage was $1,093.90, and after crediting the $243.49 received by plaintiffs from the trustee, there was a balance due on plaintiffs' mortgage of $850.41. Thereupon the plaintiffs instituted this suit against the defendant for the value of the house which he had unlawfully moved from the premises and which had thus resulted in impairment of the security.

The issues and the answers of the jury thereto were as follows:

1. Did the defendant wrongfully and unlawfully remove the house from the mortgaged premises as alleged? Answer: Yes.

2. What damage, if any, is the plaintiff entitled to recover? Answer: $200.25 and interest.

3. What was the value of the house at the time of removal? Answer: $600.

4. What was the value of the naked lot at the time of the sale under plaintiffs' mortgage to C. H. Godwin? Answer: $1,000.

The record shows the following admission: "It is admitted by the plaintiffs that at the time of the sale of the naked lot there was only due on her mortgage the sum of $1,093.90, and at the time of the sale of the

naked lot said lot was worth $1,000. It is admitted that the cost of the sale, including taxes due, amounted to $106.35. It is admitted that the naked lot brought $1,000 at the sale, and that the plaintiff had and received all of said amount except the amount due on the two mortgages given by plaintiffs to C. H. Godwin and the Martin County Savings and Trust Company, which said mortgages were prior, valid and subsisting liens on said property. That said lot was sold by plaintiffs, who warranted same to be free and clear from encumbrances to Fowden, under whom defendant claimed title. It is further admitted that if the amount of prior liens given by plaintiffs should be deducted after giving plaintiff credit for the cost and taxes paid there would only be due on plaintiffs' mortgage the sum of $200.25."

From judgment upon the verdict in favor of plaintiffs for $200.25, they appealed.

*Elbert S. Peel, Wheeler Martin and Rupert Pickens for plaintiffs.*
*A. R. Dunning for defendant.*

BROGDEN, J. The judge charged the jury as follows: "I charge you, upon all the evidence, and the admissions of the plaintiffs, that you cannot answer the second issue more than $200.25 and interest. It is admitted that the naked lot was worth $1,000 when sold, and that at that time there was due on the plaintiff's mortgage the sum of $1,093.90, and that two prior mortgages given by the plaintiffs were paid out of the proceeds of the sale, and that the cost of the sale and taxes paid amounted to $106.35 were added to the plaintiff's mortgage, and upon these admissions the court charges you the plaintiffs cannot complain of damages for the amount paid out on account of the two prior mortgages given by them, and you cannot answer the second issue more than $200.25 and interest. The defendant contends that you ought to answer it nothing or some small amount. The measure of damages would be the difference in value of the lot with the house on it and the value of the lot with the house off it, but in no event could she recover more than enough to pay her mortgage. I charge you that if she had given a prior mortgage and afterwards gave a warranty deed, as is admitted, the amount ought to be taken out to pay the prior mortgage, could not be complained of as damages in this case. It is for you to say if she has sustained any damage and how much, bearing in mind the maximum is $200.25 and interest."

The exception to the foregoing instruction is sustained. The defendant was a wrongdoer or *tort-feasor*. The jury found that he had wrongfully and unlawfully removed from the mortgaged premises the dwelling-house which, at the time of removal, was worth $600. Nothing else appearing, the defendant was therefore liable to the plaintiffs for the sum

17—195

of $600, because the defendant, by his wrongful act, had impaired the plaintiff's security by that amount. Of course the plaintiffs cannot recover more than the amount due on the Fowden mortgage, amounting on the day of the sale to $1,093.90. The plaintiffs have received from the trustee a part of the proceeds of sale in the sum of $243.49, which left a balance of $850.41 due plaintiffs on said mortgage. It is obvious that $600 does not pay an indebtedness of $850.41.

The defendant contends, however, that plaintiffs conveyed the property to Fowden by deed containing a covenant against encumbrances, and it further appearing that there were mortgages on the land at the time, securing an indebtedness of $500, there was a breach of said covenant by the plaintiffs, and hence the sum of $500 with interest and taxes and costs of sale must be credited on plaintiffs' mortgage before resort can be had to the defendant. If this could be done, then the parties agreed that the balance due plaintiffs was $200.25, and the judge so charged the jury. But this cannot be done. The defendant was not a party to the deed from plaintiffs to Fowden, and therefore he had no claim against the plaintiffs for any breach of any covenant in the deed. To adopt the theory of the defendant would in effect permit him to plead as a counterclaim to his liability for his unlawful act, the breach of covenant in a deed to which he was not a party and by which he was not injured, or caused to suffer loss.

Upon the admissions of the parties and the findings of the jury upon the other determinative issues, the second issue is immaterial. The plaintiffs are entitled to judgment for six hundred dollars and interest from 1 June, 1924, and costs.

Modified and affirmed.