LUCY GOARD v. CHARLIE BRANSCOM, ED SMITH AND HAROLD HEATH, TRUSTEES FOR THE WHITE PLAINS BAPTIST CHURCH, AND WHITE PLAINS BAPTIST CHURCH

No. 7217SC432

(Filed 28 June 1972)

1. Religious Societies and Corporations § 1— member of unincorporated church — tort committed by another member — recovery from church

A member of an unincorporated church or denomination, religious society or congregation (a *quasi* corporation) is engaged in a joint enterprise and may not recover from the *quasi* corporation for damages sustained through the tortious conduct of another member thereof.

2. Religious Societies and Corporations § 3— negligence of church — oil on driveway — parking in driveway

In an action brought by plaintiff against a church of which she was a member to recover for injuries received when she slipped and fell on oil and grease which had leaked onto the church driveway from

parked cars, neither the fact that oil may have been on the driveway nor the fact that cars were allowed to park on the driveway constituted negligence.

**3. Religious Societies and Corporations § 1— church member — licensees — invitees — joint enterprise**

A member of an unincorporated Baptist church was not a licensee or an invitee of the church, but was engaged in a joint enterprise with other members.

APPEAL by plaintiff from *Exum, Judge,* 15 November 1971 Session of Superior Court held in SURRY County.

Plaintiff alleged that she had been a member of the congregation of the White Plains Baptist Church for a period of twelve years. On 1 November 1969, she and her husband had planned to attend religious services being held at the church building. They were going from the place where her husband parked his car down a driveway to the front entrance of the church building when plaintiff slipped on some oil and grease and fell, resulting in bodily injury.

Plaintiff alleged that defendants were negligent in failing to keep the area adjacent to the church in a reasonably safe condition, in that they allowed persons to park their automobiles along the driveway and that large amounts of oil and grease, which defendants failed to remove, leaked from these automobiles onto the driveway, thereby creating a hidden danger. In their answer defendants denied negligence but admitted " (t)hat at the time of the accident described herein the church parking lot and driveway was owned by the defendant, White Plains Baptist Church, and was used in connection with the church activities at the time of the accident herein described and on the date when the plaintiff's accident occurred, the defendants, Harold Heath, Charlie Branscom and Ed Smith, were the Trustees of the White Plains Baptist Church and as such were charged with the duty of looking after and caring for the church and church grounds and on the 1st day of November, 1969, they were engaged and carrying on the business of operating the church and were acting within the course and scope of such employment as the employees and agents of the defendant, White Plains Baptist Church."

Defendants also alleged that plaintiff fell while walking on the sidewalk between the old church building and the new church building while going from the old building to the new

building, that this fall was an unavoidable accident, that the plaintiff was contributorily negligent and that plaintiff was a licensee, not an invitee.

Defendants moved for summary judgment under Rule 56 on the grounds that the plaintiff was neither a customer nor a servant, nor a trespasser, but was a mere licensee attending the services at the church for her own spiritual and social gratification, that the defendants owed to the plaintiff only the duty to refrain from wilful or wanton negligence, that the plaintiff did not allege that the defendants were guilty of wanton negligence or wilful misconduct, and that the defendants were not actively negligent in fact.

The motion for summary judgment was heard upon affidavits offered by the parties and answers to interrogatories by the plaintiff, and the court held "that there is no genuine issue as to any material fact, in that the plaintiff was going to the defendant church at the time of her alleged fall as a licensee, for the purpose of attending a religious service; that there is an absence of allegation or proof that plaintiff's fall was occasioned by wilful or wanton acts or affirmative and active negligence on the part of the defendants; and that the defendants are entitled to judgment as a matter of law." The court thereupon allowed the defendants' motion for summary judgment and dismissed the action. Plaintiff appealed to the Court of Appeals.

*Franklin Smith for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by William F. Womble, Jr., and Allan R. Gitter for defendant appellees.*

MALLARD, Chief Judge.

Plaintiff states that the only question involved on this appeal is "(w)hether the plaintiff, Lucy Goard, was an invitee or a licensee on the premises of the defendant church at the time that she slipped, fell and was injured on November 1, 1969, as alleged in the plaintiff's complaint?"

Some religious organizations in North Carolina are corporations.

There is no allegation, stipulation or proof that the defendants, trustees of the White Plains Baptist Church, or the White

---

---

Plains Baptist Church, are separate corporate entities (and their names would not so indicate [G.S. 55-12]), and there is no allegation, stipulation or proof that they were formed as a religious, educational or charitable organization prior to 1 January 1894 [G.S. 55A-88]. We, therefore, indulge in the presumption that the defendant trustees of the White Plains Baptist Church were properly appointed by the White Plains Baptist Church, a religious society or congregation (a *quasi* corporation), and that both the appointment and conduct of the said trustees was pursuant to the provisions of Chapter 61 of the General Statutes of North Carolina.

In *Reid v. Johnston*, 241 N.C. 201, 85 S.E. 2d 114 (1954), it is said: "It is known to all that from the beginning Baptist churches have retained, and refused to give up their independence."

Under the provisions of G.S. 39-24, a voluntary association of individuals organized for religious purposes is authorized to acquire and hold real estate and may be sued in its common name concerning the real estate so held. See also G.S. 1-69.1.

In *Way v. Ramsey*, 192 N.C. 549, 135 S.E. 454 (1926), a Methodist church was involved in a dispute about the payment of a pastor's salary, and it was stated that:

"Under our statute law an organized body of men constituting a religious congregation is a *quasi* corporation with power to appoint and remove its duly constituted officers and agents. The acts of such officers and agents performed within the scope of delegated authority are usually treated as the acts of the congregation or society. * * * "

See also, *Lord v. Hardie*, 82 N.C. 241 (1880), where a Baptist church was held to be a *quasi* corporation.

The general rule seems to be that "(t)he right of action by or against religious societies and questions of parties and procedure in such actions are governed in the case of religious corporations by the rules governing actions by or against corporations generally, and in case of *unincorporated ecclesiastical bodies,* by the principles applicable in the case of other voluntary societies and associations." (Emphasis added.) 45 Am. Jur., Religious Societies, § 91, p. 795.

.

In 6 Am. Jur. 2d, Associations and Clubs, § 31, it is said:

"The general rule deducible from the cases which have passed on the question is that the members of an unincorporated association are engaged in a joint enterprise, and the negligence or fault of each member in the prosecution of that enterprise is imputable to each and every other member, so that the member who has suffered damages to his person, property, or reputation through the tortious conduct of another member of the association may not recover from the association for such damage, although he may recover individually from the member actually guilty of the tort. * * * "

However, in North Carolina, the Supreme Court has held in *Lord v. Hardie, supra,* and *Way v. Ramsey, supra,* that a religious congregation was a *quasi* corporation but the Court did not define a *quasi* corporation or set out the intrinsic and material differences between such a *quasi* corporation and a true corporation. The question of whether a member of the congregation of a Baptist church can recover from such church for a tort committed by the agents, employees or another member thereof, seems to be one of first impression in North Carolina.

Under G.S. 61-2, it is provided that: "The trustees and their successors have power to receive donations, and to purchase, take and hold property, real and personal, in trust for such church or denomination, religious society or congregation; and they may sue or be sued in all proper actions, for or on account of the donations and property so held or claimed by them, and for and on account of *any matters relating thereto. * * * "* (Emphasis added.) This action for negligence is a matter relating to the use of real property within the intent and meaning of the statute, but G.S. 61-2 does not, and we have found no other statute which does, authorize a member of a church or denomination, religious society or congregation (a *quasi* corporation) to recover of the *quasi* corporation for the negligence of an agent, employee or another member thereof. The parties have not cited, and our research has not revealed any case in North Carolina relating to the right of a member to recover of a church or denomination, religious society or congregation (a *quasi* corporation) for the negligence of its members, agents or employees.

In Black's Law Dictionary (4th Ed.), the word *"quasi"* is defined as follows:

> "Lat. As if; almost as it were; analogous to. This term is used in legal phraseology to indicate that one subject resembles another, with which it is compared, in certain characteristics, but that there are intrinsic and material differences between them. *Bicknell v. Garrett,* 1 Wash. 2d 564, 96 P. 2d 592, 595, 126 A.L.R. 258; *Cannon v. Miller,* 22 Wash. 2d 227, 155 P. 2d 500, 503, 507, 157 A.L.R. 530. *Marker v. State,* 25 Ala. App. 91, 142 So. 105, 106. It is often prefixed to English words implying mere appearance or want of reality. *State v. Jeffrey,* 188 Minn. 476, 247 N.W. 692, 693."

The term *"quasi* corporations" is defined as follows:

> "Organizations resembling corporations, municipal societies or similar bodies which, though not true corporations in all respects, are yet recognized, by statutes or immemorial usage, as persons or aggregate corporations, with precise duties which may be enforced, and privileges which may be maintained, by suits at law. They may be considered *quasi* corporations, with limited powers, co-extensive with the duties imposed upon them by statute or usage, but restrained from a general use of the authority which belongs to those metaphysical persons by the common law." Black's Law Dictionary (4th Ed.)

[1] A stockholder may sue a corporation for negligence. We think, however, that one of the material differences between a church or denomination, religious society or congregation (a *quasi* corporation) in North Carolina and a real corporation organized or existing pursuant to statutory law, is that a member of such a *quasi* corporation is engaged in a joint enterprise and may not recover from the *quasi* corporation damages sustained through the tortious conduct of another member thereof.

[2] In this case the fact that oil may have been on the driveway does not constitute negligence, nor does the fact that automobiles were parked on the driveway constitute negligence. It is common knowledge that paved driveways maintained by religious bodies on their grounds are often used for the purpose of parking as well as ingress and egress, and that oil and

grease often leaks from automobiles, whether they are parked or moving. The record is silent as to how long the oil or grease that plaintiff stepped on had been there. We are of the opinion that no actionable negligence has been shown in this case and that there is no genuine issue as to any material fact germane to the cause of action.

In 6 Strong, N. C. Index 2d, Negligence, § 52, it is said:

" * * * (A)n invitee is a person who goes upon the premises for the mutual benefit of himself and *the person in possession,* while a licensee is one who goes upon the premises for his own interest, convenience, or gratification, with the consent of *the person in possession. * * * "* (Emphasis added.)

[3]  The plaintiff, as a member of the White Plains Baptist Church, was one of the persons in possession of the premises involved and for that reason could not be a licensee or an invitee. Therefore, the plaintiff was not a licensee, or invitee, but was a member of the congregation of the White Plains Baptist Church, where each member had a specific function and obligation consistent with his own "gifts" (I Corinthians 12:4) and all were working together unto the same Spirit (I Corinthians 12:13). [See also the definition of a church in Harper's Bible Dictionary, 7th Ed.] In other words, each member of the congregation was engaged in the joint enterprise of worshipping Almighty God in fellowship together according to the dictates of his own conscience.

We take note, however, of the fact that many churches, denominations, religious societies and congregations *(quasi* corporations) have purchased liability insurance. If such insurance is intended to be for the benefit of the members, it should be specifically provided for in the contract.

For the reasons hereinabove stated, we hold that the trial judge did not commit error in allowing defendants' motion for summary judgment.

Affirmed.

Judges CAMPBELL and BROCK concur.