MILDRED WILLIAMSON v. CARL C. WALLACE, EDWARD POPE, I. L. DEAN AND BURT WILKINS, TRUSTEES OF THE GREY STONE BAPTIST CHURCH

No. 7614SC19

(Filed 5 May 1976)

**Religious Societies and Corporations § 3— Baptist Church — collapse of risers — injury to church member — no standing to maintain action**

Plaintiff, as a member of the unincorporated defendant Baptist Church, had no standing to maintain an action against the church to recover for bodily injuries sustained when risers which were located in the church collapsed, striking plaintiff who was there for the purpose of attending a worship service.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 2 October 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 April 1976.

Plaintiff, a member of Grey Stone Baptist Church, brought this action against the Trustees of the Church to recover damages for bodily injuries sustained by plaintiff which she alleges were caused by negligence of the church. Through pleadings and discovery, it was established that: On Sunday 9 April 1972 plaintiff entered the church for the purpose of attending the morning service of worship. As she was walking to her seat, a three-tiered set of risers, erected by the youth choir that morning, collapsed against and injured her. The building superintendent of the church verified on the following week that of the three locking devices on the riser which fell against plaintiff, one of the locking braces had a screw pulled out of the brace and the wood connection, and the other two locking braces had not been properly coupled and locked together.

Defendant's motion for summary judgment was allowed and the action was dismissed by the following judgment:

"This cause coming on to be heard and being heard before the undersigned Judge Presiding at the September 29, 1975 Civil Session of the Superior Court of Durham County, upon Defendant's Motion for Summary Judgment pursuant to Rule 56, and the Court, after considering the pleadings, Answers to Interrogatories, documents produced by Defendants pursuant to a Court Order, and argument of counsel, is of the opinion that Plaintiff member of the congregation of Defendant Church, has no standing or right

Williamson v. Wallace

to maintain this action against Defendant Church; that, although there are genuine issues of fact concerning the issues of the negligence of Defendant Church and of Plaintiff's damages, there is no genuine issue as to the material fact of Plaintiff's status as a member of the congregation of Defendant Church at the time of the injury alleged; that the liability insurance policy purchased by Defendants, a copy of which was produced by Defendants pursuant to Court Order, does not by its terms, provide that it is for the benefit of members of the congregation of Defendant Church nor is its language broad enough to permit such interpretation thereof; that such liability insurance policy does not give Plaintiff any right of action against Defendant Church; and that the Defendants, Trustees of Grey Stone Baptist Church are entitled to a Judgment as a matter of law.

NOW, THEREFORE, it is hereby ordered and adjudged that the Plaintiff have and recover nothing of the Defendant Trustees of Grey Stone Baptist Church.

Entered this 2 day of October, 1975.

s/E. MAURICE BRASWELL
Judge Presiding"

From this judgment, plaintiff appeals.

*Bryant, Bryant, Drew & Crill, P.A. by Victor S. Bryant, Jr. for plaintiff appellant.*

*Spears, Spears, Barnes, Baker & Boles by Alexander H. Barnes and Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson by James T. Hedrick for defendant appellees.*

PARKER, Judge.

The question presented is whether plaintiff, as a member of defendant church, has standing to maintain this action. We agree with the trial court that she does not.

Defendant is an unincorporated Baptist Church and as such is an independent and self-governing entity whose governing body is its entire congregation. When the courts are called upon to determine legal questions involving this type of organization, such questions must be "resolved on the basis of principles of law equally applicable to the use of properties of an unincorpo-

rated athletic or social club." *Atkins v. Walker,* 284 N.C. 306, 319, 200 S.E. 2d 641, 650 (1973). In an Annotation entitled "Recovery by member from unincorporated association for injuries inflicted by tort of fellow member," in 14 A.L.R. 2d 473, the general rule is stated to be

"that the members of an unincorporated association are engaged in a joint enterprise, and the negligence of each member in the prosecution of that enterprise is imputable to each and every other member, so that the member who has suffered damages to his person, property, or reputation through the tortious conduct of another member of the association may not recover from the association for such damage, although he may recover individually from the member actually guilty of the tort." See, 6 Am. Jur. 2d, Associations and Clubs, § 31.

Our decision here is controlled by *Goard v. Branscom,* 15 N.C. App. 34, 189 S.E. 2d 667 (1972), which held that each member of an unincorporated church is engaged in the joint enterprise of worship and therefore one member may not recover from the church for damages sustained through tortious conduct of another member.

Other questions might arise had defendant church been incorporated or had it been one having a more hierarchical structure, but such problems are not now before us.

The judgment appealed from is

Affirmed.

Judges MORRIS and MARTIN concur.