EMPLOYERS MUTUAL CASUALTY CO. v. TIMOTHY MITCHELL GRIFFIN

No. 7926SC962

(Filed 20 May 1980)

1. **Insurance § 135.1— fire insurance—fire caused by church member—insurer not subrogated to rights of repairer or mortgagee**

   Plaintiff insurer was not entitled to recover from defendant, a church member whose purported negligence caused the fire in question, on the ground that plaintiff was the subrogee of the company which repaired the fire damage and the mortgagee, since the repair company had no rights against defendant to which plaintiff might be subrogated, and since the mortgagee had rights against defendant, but plaintiff was not entitled to be subrogated to those rights.

**2. Insurance § 136.1; Religious Societies and Corporations § 3.2— fire insurance —fire caused by church member—no right of church to sue member—no right of insurer to sue member**

> An unincorporated church may not sue one of its members for damages caused by the member's tortious conduct; therefore, because a church could not sue defendant, one of its members, whose purported negligence caused the fire in question, plaintiff insurer, as subrogee of its insured, the church, had no right to recover from defendant the amount paid the church under its fire insurance policy.

APPEAL by defendant from *Riddle, Judge.* Judgment entered 26 June 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 April 1980.

Plaintiff issued a fire insurance policy to the trustees of St. Paul Wesleyan Church, an unincorporated association. While the policy was in effect the church property was damaged by a fire which was caused by defendant, a member of the church. The church filed a claim under its policy with plaintiff, and plaintiff issued its draft for the claimed amount, payable to the church, to Southeastern Fire Services, Inc., which repaired the fire damage, and to Home Federal Savings & Loan Association, the mortgagee of the church property. Plaintiff now alleges that it is subrogated to the rights of the entities to which it made payment, and it seeks to recover from defendant for his purported negligence in causing the fire.

The trial court found facts and concluded that defendant's negligence caused the fire, that plaintiff was subrogated to the rights of the church and the mortgagee, and that plaintiff is entitled to recover from defendant. Defendant appeals.

*Myers, Ray & Myers, by John F. Ray, for plaintiff appellee.*

*Caudle, Underwood & Kinsey, by C. Ralph Kinsey, Jr. and Scott C. Gayle, for defendant appellant.*

ARNOLD, Judge.

Defendant's motion for involuntary dismissal under G.S. 1A-1, Rule 41(b) was denied by the trial court. We find that defendant was entitled to have this motion granted, since plaintiff's evidence failed to show that it had a right to relief. *See Wells v. Sturdivant Life Ins. Co.*, 10 N.C. App. 584, 179 S.E. 2d 806 (1971).

[1]  Plaintiff's position in this lawsuit is that it is entitled to recovery from defendant because it is the subrogee of the church, the mortgagee, and the company that repaired the fire damage. We find, however, that plaintiff is not the subrogee of either the repair company or the mortgagee.

The repair company has no rights against the defendant to which plaintiff might be subrogated. The mortgagee has rights against the defendant, *see Edwards v. Meadows,* 195 N.C. 255, 141 S.E. 595 (1928), but plaintiff has cited no authority, and we have found none, which indicates that plaintiff is entitled to be subrogated to those rights. The general rule is that upon payment of a loss the insurer is entitled to be subrogated to any right the *insured* may have against a third party who caused the loss, *Milwaukee Ins. Co. v. McLean Trucking Co.,* 256 N.C. 721, 125 S.E. 2d 25 (1962), and the mortgagee here is not an insured under plaintiff's policy.

[2]  Having determined that plaintiff is not the subrogee of either the mortgagee or the repair company, we reach the question of whether plaintiff, as the subrogee of the insured church, has shown a right to relief. This question turns upon whether an unincorporated association may sue a member of the association in tort. The answer is no.

In *Goard v. Branscom,* 15 N.C. App. 34, 189 S.E. 2d 667, *cert. denied* 281 N.C. 756, 191 S.E. 2d 354 (1972), this court addressed for the first time the question of whether a member of an unincorporated church may sue the church in tort, and determined that a member of such a church is engaged with the other members in a joint enterprise and may not recover from the church damages for the tortious conduct of another member. This holding was followed in *Williamson v. Wallace,* 29 N.C. App. 370, 224 S.E. 2d 253, *cert. denied* 290 N.C. 555, 226 S.E. 2d 514 (1976). It is our view that the reverse is also true: an unincorporated church may not sue one of its members for damages caused by the member's tortious conduct.

At common law an unincorporated association is merely a body of individuals and not an entity, and it has no capacity to sue or be sued. *Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268 (1951). G.S. 1-69.1 allows such an association to sue and be sued under its common name, but does not affect the character of the

association as merely the aggregate of its members. Any attempt by the aggregate, which includes the defendant here, to sue defendant, a part of itself, in tort necessarily must fail, since a person cannot be both plaintiff and defendant in the same action. *Pearson v. Nesbit*, 12 N.C. 315 (1827); 59 Am. Jur. 2d, Parties § 6.

Plaintiff insurer, as the subrogee of its insured, takes only the rights which the church would have against defendant. *Dowdy v. Southern Ry. Co., Inc.*, 237 N.C. 519, 75 S.E. 2d 639 (1953). Since we have determined that the church has no rights against this defendant, plaintiff has no right to relief. The denial of defendant's motion to dismiss was error.

Reversed.

Judges HEDRICK and ERWIN concur.