LEXINGTON INS. CO. v. TIRES INTO RECYCLED ENERGY AND SUPPLIES, INC.

[136 N.C. App. 223 (1999)]

LEXINGTON INSURANCE COMPANY, A/S/O SANBORN, INC. v. TIRES INTO RECYCLED
ENERGY AND SUPPLIES, INC.

No. COA99-206

(Filed 21 December 1999)

**Insurance— subrogation rights—landlord and tenant—lease governs liabilities**

The trial court did not err in granting summary judgment in favor of defendant-tenant in a subrogation action to recover damages for a fire allegedly caused by defendant because: (1) the terms of the lease govern the liabilities of the parties where the insured is a landlord and the third party is a tenant; (2) the plain and unambiguous language of the lease between defendant and plaintiff's insured evidences the intent of each of the parties to relieve the other from all liability for damages otherwise covered by insurance, including liability for negligence; and (3) plaintiff-insurer could have no greater rights against defendant through subrogation than its insured.

Appeal by plaintiff from judgment entered 3 November 1998 by Judge Lester Martin in Forsyth County Superior Court. Heard in the Court of Appeals 25 October 1999.

*Cozen and O'Connor, by T. David Higgins, Jr., for plaintiff-appellant.*

*Kilpatrick Stockton, LLP, by James H. Kelly, Jr., and Christopher C. Fox, for defendant-appellee.*

MARTIN, Judge.

Lexington Insurance Company ("Lexington") brought this subrogation action against Tires Into Recycled Energy and Supplies, Inc., ("TIRES") to recover damages for a fire allegedly caused by TIRES, which damaged property leased to TIRES by Lexington's insured, Sanborn, Inc. ("Sanborn"). The lease from Sanborn to TIRES covered a commercial building located on Waughtown Street in Winston-Salem, North Carolina, and contained the following provision:

18. Waiver of Subrogation. Each party, notwithstanding any provision of this Lease otherwise permitting such recovery, hereby waives any rights of recovery against the other for loss or injury against which such party is protected by insurance, to the extent

LEXINGTON INS. CO. v. TIRES INTO RECYCLED ENERGY AND SUPPLIES, INC.

[136 N.C. App. 223 (1999)]

of the coverage provided by such insurance. Each insurance policy carried by either party with respect to the Leased Premises or the property of which they are a part which insures the interest of one party only, shall include provisions denying to the insurer acquisition by subrogation of any rights of recovery against the other party. The other party agrees to pay any additional resulting premium.

Lexington's policy issued to Sanborn, effective on the date of the loss, contained the following clause:

I. Transfer of Rights of recovery against others to us

If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, those rights are transferred to use to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to imperil them. **But you may waive your rights against another party in writing**:

1. Prior to a loss to your Covered Property or Covered Income.

. . .

(emphasis added).

Lexington reimbursed Sanborn for the damages occasioned by the fire and filed this action against TIRES, asserting a right of subrogation against TIRES for negligently causing the fire. TIRES denied liability, and moved for summary judgment. The trial court granted summary judgment in favor of TIRES and Lexington appeals.

---

Lexington assigns error to the trial court's grant of summary judgment in favor of TIRES, arguing that the provisions of the lease agreement between Sanborn and TIRES were not sufficient to extinguish Lexington's subrogation rights against TIRES. We affirm.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). When the terms of a contract are at issue, contract language which is "plain and unambiguous on its face" may be interpreted as a matter of law. *Taha v.*

LEXINGTON INS. CO. v. TIRES INTO RECYCLED ENERGY AND SUPPLIES, INC.

[136 N.C. App. 223 (1999)]

*Thompson*, 120 N.C. App. 697, 701, 463 S.E.2d 553, 556 (1995), *disc. review denied*, 344 N.C. 443, 476 S.E.2d 130 (1996).

As a general rule, upon payment of a loss under a policy of insurance the insurer is entitled to be subrogated to any right the insured may have against a third party who caused the loss. *Employers Mut. Cas. Co. v. Griffin*, 46 N.C. App. 826, 828, 266 S.E.2d 18, 20, *disc. review denied*, 301 N.C. 86 (1980) (citing *Milwaukee Ins. Co. v. McLean Trucking Co.*, 256 N.C. 721, 125 S.E.2d 25 (1962)). The subrogee's rights are derivative, and if the insured has no right against a third party, neither does the insurer. Therefore, where the insured waives a right of recovery against a third party, the subrogee is bound by this waiver, and may not recover against the third party. Where the insured is a landlord and the third party is a tenant, the terms of the lease govern the liabilities of the parties.

The terms of a lease, like the terms of any contract, are construed to achieve the intent of the parties at the time the lease was entered into. *Martin v. Ray Lackey Enterprises, Inc.*, 100 N.C. App. 349, 396 S.E.2d 327 (1990). The courts must construe and enforce contracts as written, in order to preserve the fundamental right of freedom of contract. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E.2d 794 (1986). In general, therefore, parties may "bind themselves as they see fit" by a contract, unless the contract would violate the law or is contrary to public policy. *Hall v. Sinclair Refining Co.*, 242 N.C. 707, 709-710, 89 S.E.2d 396, 397-98 (1955). However, contracts which attempt to relieve a party from liability for damages incurred through personal negligence are discouraged and narrowly construed; any clause in a lease attempting to do so must show that this is the intent of the parties by clear and explicit language. *Winkler v. Appalachian Amusement Co.*, 238 N.C. 589, 79 S.E.2d 185 (1953).

Citing *Winkler* and *William F. Freeman, Inc. v. Alderman Photo Co.*, 89 N.C. App. 73, 365 S.E.2d 183 (1988), Lexington contends that any clause attempting to waive liability for negligence must contain clear and explicit language to that effect. In *Winkler*, the plaintiff owned a building in Boone, North Carolina which he leased to defendant for use as a motion picture theater. The lease contained provisions requiring the lessees to "deliver up and return possession of the premises to the lessors in as good order, repair and condition as at present, ordinary wear and tear excepted, and damage by fire or other casualty excepted" and to "make any and all repairs that may be necessary . . . excepting in case of destruction or damage by fire or

LEXINGTON INS. CO. v. TIRES INTO RECYCLED ENERGY AND SUPPLIES, INC.

[136 N.C. App. 223 (1999)]

other casualty." *Winkler*, 238 N.C. at 592, 79 S.E.2d at 188. The building was damaged by fire as a result of the negligence of an employee of defendant Amusement Company and the plaintiff sued for damages caused by the fire. Defendant Amusement Company contended the foregoing provisions of the lease excused it from liability for damages by fire, no matter what the cause. The Supreme Court disagreed, holding, *inter alia*, that a contract will not be interpreted to relieve a party from liability for its own negligence unless there is clear and explicit language that such was the intent of the parties to the contract. *Id.* at 596, 79 S.E.2d 190. The language of the lease requiring the lessee to keep the building in good repair and to surrender it in good condition, excepting loss by fire, did not evidence a clear intention by the parties to relieve defendant Amusement Company of the consequences of its own negligence. *Id.*

In *William F. Freeman, Inc.*, the plaintiff tenant sued its landlord to recover for damages to its personal property caused by the landlord's negligence in repairing a roof. The lease between the parties required both the lessor and the lessee to insure their own property and required all of the insurance policies to include a waiver of subrogation against the other party. The landlord contended that the language of the lease inferred that the parties intended to waive personal liability for negligence. This Court rejected the contention, noting that the lease provisions dealt only with insurance and subrogation matters and did not contain the explicit waivers required by *Winkler*.

The present case is distinguishable from *Winkler* and *William F. Freeman, Inc.*; the lease in the present case contains an explicit waiver by each party of its right to recover against the other for any loss covered by insurance. In addition, Sanborn and TIRES agreed to include a subrogation waiver clause in any insurance policies to be purchased by either of them which covered the leased premises. In contrast, the parties to the lease in *Winkler* showed no such intent; the lease contained no provisions regarding waiver or subrogation. The lease in *Freeman* required the parties to insure only his or her own property, and the subrogation clause was included to ensure that each party would only be required to pay for damages to his own property; the *Freeman* lease contained no provision evidencing an intent by either party to release the other from personal liability for negligence.

In addition, Lexington included a clause in the insurance contract which it issued to Sanborn specifically permitting Sanborn to contract to release third parties from liability prior to the occurrence of

a covered loss. Presumably, the cost of including such a provision in the insurance contract was reflected in the amount of Sanborn's insurance premium.

In summary, we hold that the plain and unambiguous language of the lease between Sanborn and TIRES clearly and explicitly evidences the intent of each of the parties to relieve the other from all liability for damages otherwise covered by insurance, including liability for negligence. The policy issued by Lexington to Sanborn contained equally clear provisions permitting Sanborn to waive its rights against third parties. Because Lexington could have no greater rights against TIRES through subrogation than its insured, summary judgment dismissing its action must be affirmed.

Affirmed.

Judges LEWIS and WYNN concur.