Defendants admitted liability for Ms. Santiago's October 27, 1998 injury by accident and have paid for all medical treatment for her ankle and elbow. As soon as an employee claims he or she is entitled to compensation, the employer has the right to require the employee to submit to an examination with one of its authorized physicians. N.C. Gen. Stat. §97-27(a) (1999). One of the implicit purposes of this requirement is to enable the employer to ascertain whether the injury is work-related or not and thus whether the claim is indeed compensable. Prior to acceptance of the claim as compensable, the employer only has the right to require its employee to submit to an examination. Kanipe v.Lane Upholstery, ___ N.C. App. ____, 540 S.E.2d 785 (December 29, 2000).
However, the right to require an employee to submit to an examination under N.C. Gen. Stat. §97-27 (a), does not equal a right to direct medical treatment in general. Kanipe v. Lane Upholstery, supra. Theemployer may only direct medical care for compensable claims.
Until Kanipe neither our courts nor our legislature has ever explicitly articulated at what point this right of the employer to direct medical treatment for a compensable injury attaches. The Commission treats the employer's acceptance of liability as the triggering point. Id.
When Ms. Santiago slipped and fell backwards at work on October 27, 1998, she reported her injury to her employer. She initially treated at the emergency room and then with Dr. Logel, an orthopedic physician. Defendants paid for and directed all treatment rendered by Dr. Logel. Dr. Logel released Ms. Santiago from his care on January 26, 1999, but she returned to him, the treating physician, as she was allowed to do under the Act, in August 1999 with complaints of left hip pain that had been present for several months. On referral by Dr. Logel, Ms. Santiago had an x-ray of her left hip and a lumbar MRI and saw Dr. Vaught, a neurosurgeon. In Dr. Vaught's medical notes and medical notes of doctorsthat Ms. Santiago saw for treatment subsequent to Dr. Vaught, causationof her left hip pain and injury was always attributed to her October 27,1998 fall at work.
When Ms. Santiago's hip pain became so unbearable that she was forced to seek treatment, she did so with her authorized treating physician, Dr. Logel. She knew that the hip pain was from her fall at work and therefore she returned to defendants' doctor rather than her own physician. She thereafter followed his referrals in her search to discover the reason for her symptoms. The employer directed and paid for medical care for her left ankle and this claim remained open.
Under Kanipe, the point at which the employer can direct medical care is when they accept the claim. After accepting the claim, the employer controls the medical treatment of the injured employee, absent an order by the Commission.
Because the employer directed and paid for medical care and did not give Ms. Santiago the option of seeing a doctor of her own choosing, the employer cannot now deny liability for the left hip claim, since Dr. Logel, the treating physician directed medical care. Any medical treatment authorized or directed by the treating physician is authorized, absent the defendant proving to the satisfaction of the Commission that such treatment is not related. Thus, all medical treatment by the treating physician or authorized by the treating physician is presumed related. Parsons v. The Pantry, 126 N.C. App. 540,485 S.E.2d 867 (1997).
The defendants have the burden of proving that the treatment for Ms.Santiago's left hip was not causally related to her October 27, 1998injury.
In this case the Deputy Commissioner and the majority erred when they incorrectly placed the burden on Ms. Santiago to prove that her left hip condition was causally related to her original compensable injury. In compensable injuries the burden shifts to defendant to prove that the medical treatment is not related. Thus, the deputy commissioner and majority did not give Ms. Santiago the benefit of the Parsons
presumption.
It is axiomatic that plaintiff has the burden of initially establishing a causal relationship between a work-related incident and her medical conditions. See Snead v. Mills, Inc., 8 N.C. App. 447,451, 174 S.E.2d 699,702 (1970) ("[a] person claiming benefit of compensation has the burden of showing that the injury complained of resulted from the accident");Harvey v. Raleigh Police Dept., 96 N.C. App. 28, 384 S.E.2d 549, disc.review denied, 325 N.C. 706, 388 S.E.2d 454 (1989). However, once the initial burden is established the burden shifts to defendant to prove that the medical condition is not related. The North Carolina Court of Appeals held that Parsons stands for the proposition that the Commission incorrectly placed the burden on plaintiff to prove she sustained a compensable traumatic incident. Porter v. Fieldcrest Cannon, Inc.,133 N.C. App. 23, 514 S.E.2d 517 (1999).
In Parsons, the Commission awarded plaintiff her medical expenses and future medical treatment. Subsequently, the defendants refused to continue to pay for medical treatment beyond one visit to a neurologist. Another hearing was held, and the Commission held that the injured worker did not meet her burden to prove that the medical treatment was causally related to her original injury. Parsons, 126 N.C. App. at 541,485 S.E.2d at 868. The Court of Appeals reversed, finding that once theclaim is approved the burden shifts to the defendant to prove thatthe medical treatment is not related. Id. at 542, 485 S.E.2d at 869.
The Court of Appeals reaffirmed this holding in Reinninger v. PrestigeFabricators, 136 N.C. App. 225, 523 S.E.2d 720 (1999). "If additional medical treatment is required, there arises a rebuttable presumption that the treatment is directly related to the original compensable injury and the employer has the burden of producing evidence showing the treatment is not directly related to the compensable injury." Reinninger v.Prestige Fabricators, 136 N.C. App. 225, 523 S.E.2d 720 (1999).
In Ms. Santiago's case, defendants admitted that she sustained a compensable injury on October 27, 1998. They paid for and directed her medical treatment. When Ms. Santiago sought treatment for her left hip, she did so from her authorized treating doctor and followed his referrals for treatment. It would be unjust to shift the burden to Ms. Santiago to prove that her left hip problems are causally related to her original injury, when Dr. Logel, the treating physician, and all subsequent treating physicians opined that the left hip problems were related to her compensable injury. Particularly when defendants admitted compensability for this claim, and directed the medical treatment, defendants must carry the burden of proving that Ms. Santiago's left hip problems are not related to her original compensable injury.
This 27th day of March 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER