MYRTICE R. HEUAY v. HALIFAX CONSTRUCTION COMPANY, INC.

(Filed 8 March 1961.)

1. Negligence § 21—

Negligence is not presumed from the mere fact of injury, but plaintiff is required to offer legal evidence tending to establish a failure on the part of the defendant to exercise proper care in the performance of some legal duty which defendant owed to plaintiff under the circumstances, that such negligent breach of duty produced injury in continuous sequence and without which it would not have occurred, and that a man of ordinary prudence could have foreseen that such result was probable under the facts as they existed.

2. Negligence § 23—

Whether there is sufficient evidence to support the issue of negligence is a question of law for the court.

3. Automobiles § 34a—

Evidence tending to show that defendant moved some dirt from an area adjacent to a highway in connection with a construction project, that defendant's car skidded on some mud and clay on the highway during a rain storm some two days after defendant had performed some work at the place, that no mud or dirt was on the highway earlier on the day of the accident, and that the kind and quantity of the mud and dirt on the highway and the way it was distributed indicated it could have been brought upon the highway by automobiles, *is held* insufficient to show that defendant construction company was responsible for the dangerous condition.

4. Negligence § 24a—

Evidence which raises a mere conjecture or surmise as to the existence of negligence is insufficient to be submitted to the jury.

APPEAL by plaintiff from *Stevens, J.,* at October 1960 Civil Term, of HALIFAX.

Civil action to recover for personal injuries and property damage as a result of an automobile accident allegedly caused by the negligence of the defendant in leaving mud and clay on the highway surface.

The record of case on appeal shows: On the afternoon of Sunday,

11 May 1958, the plaintiff was operating her automobile in an easterly direction on U.S. Highway 158 through the town of Littleton, North Carolina. As she reached the city limits her car allegedly skidded on some mud and clay on the highway. The right rear of her car skidded to the right, with the front traveling across the center line where it collided with an automobile which was approaching from the opposite direction.

Shortly before the accident a heavy rainstorm had occured, and it was still raining at the time of the collision.

At the close of the plaintiff's evidence, defendant moved for judgment of nonsuit. The motion was allowed, and judgment was signed and entered dismissing the action. To the foregoing judgment plaintiff objects and excepts and appeals to the Supreme Court, assigning error.

*Allsbrook, Benton & Knott for plaintiff, appellant.*
*Uzzle & Dumont for defendant, appellee.*

WINBORNE, C.J.   The determinative question to be decided in case on appeal is whether or not the trial court erred in allowing defendant's motion for nonsuit.

Taking the evidence offered upon the trial in the light most favorable to the plaintiff and giving to her the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, as is done when considering a motion for judgment of nonsuit, it is manifest that the plaintiff has failed to make out a case for the jury. *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661.

In order to establish actionable negligence plaintiff must show that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances in which they were placed, and that such negligent breach of duty was the proximate cause of the injury— a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable, under all the facts as they existed. *Ramsbottom v. RR,* 138 N.C. 38, 50 S.E. 448. See also *Whitt v. Rand,* 187 N.C. 805, 123 S.E. 84; *Mills v. Moore, supra; Rogers v. Green,* 252 N.C. 214, 113 S.E. 2d 364.

Negligence is not presumed from the mere fact of injury. The plaintiff is required to offer legal evidence tending to establish beyond a mere speculation or conjecture every essential element of negligence, and upon failure to do so nonsuit is proper. And in this connection,

whether or not there is enough evidence to support a material issue is a question of law. *Mills v. Moore, supra.*

There is no evidence in the present case from which a jury could find that the defendant was responsible for the mud and clay being on the highway. True, there is evidence that the mud and clay caused the plaintiff to skid, but there is no evidence in the record as to how or when the mud and clay got there. The testimony of State Highway Patrolman, Wallace E. Brown, was the only evidence tending to show how the mud and dirt got on the surface of the highway. He testified: "The shoulder was a clay type shoulder which was very soft and wet. There was mud on the road; some on both sides of the road; it is not impossible that it was the kind of mud and dirt, the amount, the quantity, and the way it was distributed that can be brought upon the highway by automobiles * * * ."

At most, the plaintiff's evidence tends only to show that the defendant had moved some dirt from the area adjacent to the highway hard-surface in connection with a sewer construction project. Indeed, the plaintiff testified that she failed to observe any dirt upon the highway when she passed the scene of the accident earlier on the same day. And in this connection the plaintiff's own evidence is to the effect that defendant's employees had done no work in the area of the accident since Friday, 9 May 1958.

Furthermore, Officer Brown testified that he had patrolled the scene of the accident prior to its occurrence and no dirt or clay was observed on the highway. Thus the conclusion is that the plaintiff has not offered sufficient evidence, as stated by *Parker, J.,* in *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258, "to take the case out of the realm of conjecture and into the field of legitimate inference from established facts." To like effect is *Goldman v. Kossove,* 253 N.C. 370, 117 S.E. 2d 35, where it is said: "A resort to conjecture or surmise is guesswork, not decision, and 'a cause of action must be something more than guess'."

We have considered defendant's remaining assignments of error and no prejudicial error is made to appear. For reasons stated the judgment below should be and is

Affirmed.