JO ANN ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC. D/B/A BOJANGLES FAMOUS CHICKEN N' BISCUITS

No. 373A91

(Filed 5 March 1992)

1. **Rules of Civil Procedure § 56.4 (NCI3d) — summary judgment for defendant — when proper**

    Defendant was entitled to summary judgment if it was able either to show the nonexistence of an essential element of plaintiff's claim *or* to show that plaintiff could not produce evidence of an essential element of her claim.

    **Am Jur 2d, Summary Judgment §§ 6, 26.**

2. **Negligence § 53.3 (NCI3d) — premises liability — notice of dangerous condition — burden of proof**

    In an action to recover for injuries sustained by plaintiff when she slipped on a greasy substance in a restaurant parking lot and fell, defendant was not required to produce evidence showing that it did not know or should not have known of the substance in its parking lot. Contrary language in *Durham v. Vine*, 40 N.C. App. 564, and *Tolbert v. Tea Co.*, 22 N.C. App. 491, is disapproved.

    **Am Jur 2d, Premises Liability §§ 29, 30, 144, 659.**

    **Liability of owner or operator of parking lot for personal injuries allegedly resulting from condition of premises. 38 ALR3d 10.**

3. **Negligence § 53.3 (NCI3d)— premises liability—notice of greasy substance—burden of proof**

In an action to recover for injuries sustained by plaintiff when she slipped on a greasy substance in a restaurant parking lot, defendant met its burden in a summary judgment hearing by showing that plaintiff could not come forward with a forecast of evidence that defendant knew or should have known of the presence of the substance and, having sufficient time to do so, negligently failed to do so; the burden was then upon plaintiff to make a contrary showing, and plaintiff's reliance on her complaint would not suffice.

**Am Jur 2d, Premises Liability §§ 29, 30, 144, 659.**

**Liability of owner or operator of parking lot for personal injuries allegedly resulting from condition of premises. 38 ALR3d 10.**

4. **Negligence § 53 (NCI4th)— invitee—premises liability case— duty of owner**

In a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision.

**Am Jur 2d, Premises Liability §§ 136-138.**

5. **Negligence § 53.3 (NCI3d)— invitee—premises liability—proof of negligence**

In order to prove that a defendant-proprietor is negligent, plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive knowledge of its existence.

**Am Jur 2d, Premises Liability §§ 136-138.**

6. **Negligence § 53.3 (NCI3d)— invitee—unsafe condition caused by third party—knowledge by owner—plaintiff's burden of proof**

When an unsafe condition is attributable to third parties or an independent agency, *plaintiff* must show that the condition existed for such a length of time that defendant knew

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

or by the exercise of reasonable care should have known of its existence in time to have removed the danger or to have given proper warning of its presence.

**Am Jur 2d, Premises Liability §§ 144, 146, 147.**

7. **Negligence § 57.10 (NCI3d) — invitee — fall on greasy substance — knowledge by owner — insufficient forecast of evidence**

Summary judgment was properly entered for defendant restaurant owner in plaintiff's action to recover for injuries sustained when plaintiff slipped on a greasy substance in the restaurant parking lot and fell where defendant carried its burden of showing the inability of plaintiff to forecast evidence that defendant knew or should have known of the greasy substance on the surface of its parking lot; plaintiff failed to offer any affidavits or other evidence in support of the bald assertion in her pleading that defendant knew or should have known of the greasy substance; plaintiff did not forecast any evidence as to the condition of the parking lot prior to plaintiff's fall; and plaintiff's own deposition testimony indicated that she did not see any grease as she, her husband, and her son initially walked across the well-lighted parking area to enter defendant's restaurant, that less than an hour earlier her husband successfully traversed the very area on which she slipped, and that plaintiff exited the restaurant within a few feet of the path she used to enter the restaurant.

**Am Jur 2d, Premises Liability § 144; Summary Judgment §§ 6, 26.**

**Liability of owner or operator of parking lot for personal injuries allegedly resulting from condition of premises. 38 ALR3d 10.**

8. **Negligence § 57.10 (NCI3d) — fall in parking lot — downward slope — negligence — insufficient forecast of evidence**

A plaintiff who fell on a greasy substance in a restaurant parking lot failed to forecast sufficient evidence to show negligence by defendant due to the downward slope of its parking lot where plaintiff presented no evidence in response to defendant's interrogatory of any violation of any building code, ordinance, or regulation; plaintiff failed to name any expert witnesses in this respect either in her interrogatory responses or at the summary judgment hearing; photographs

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

presented by defendant reveal nothing out of the ordinary about the slope of defendant's parking lot; and defendant had no duty to warn plaintiff of the slope which was in plain view.

**Am Jur 2d, Premises Liability § 144; Summary Judgment §§ 6, 26.**

**Liability of owner or operator of parking lot for personal injuries allegedly resulting from condition of premises. 38 ALR3d 10.**

9. **Negligence § 53.3 (NCI3d)— grease spot—proximity to restaurant—photographs—insufficient evidence of notice**

In the absence of accompanying evidence from experts or lay witnesses, photographs showing the proximity of a grease spot in a restaurant parking lot to the restaurant will not suffice to prove that defendant restaurant owner was or should have been aware of the grease spot.

**Am Jur 2d, Premises Liability § 144.**

Justice FRYE dissenting.

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-30(2) of the decision of a divided panel of the Court of Appeals, 103 N.C. App. 440, 406 S.E.2d 10 (1991), reversing the judgment of *Morgan, J.*, entered in Superior Court, FORSYTH County, on 20 July 1990. Heard in the Supreme Court 12 February 1992.

*Frye and Kasper, by Leslie G. Frye and Granice L. Geyer, for plaintiff-appellee.*

*Hutchins, Tyndall, Doughton & Moore, by Laurie L. Hutchins, for defendant-appellant.*

*Womble Carlyle Sandridge & Rice, by William F. Womble, Jr., for North Carolina Association of Defense Attorneys, amicus curiae.*

*Maxwell & Hutson, P.A., by Monica Umstaedt Rossman and Alice Neece Moseley, and Marjorie Putnam, General Counsel, for North Carolina Academy of Trial Lawyers, amicus curiae.*

MEYER, Justice.

The issues before the Court are whether the Court of Appeals applied the proper test in reviewing the trial court's entry of sum-

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

mary judgment for defendant in the instant case and whether summary judgment was appropriate under the facts before the trial court at the time it was entered. We conclude that the Court of Appeals applied the wrong test and further conclude that the Court of Appeals erred in holding that the trial court improperly granted summary judgment in favor of defendant. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Forsyth County, for reinstatement of the summary judgment originally entered 20 July 1990.

The evidence before the trial court tended to show the following. On 21 December 1987 at approximately 8:15 p.m., plaintiff and her husband and son exited the Bojangles restaurant located on Peters Creek Parkway in Winston-Salem, North Carolina. Plaintiff, forty-eight years old at the time of the accident, crossed the entrance walkway, traversed the drive-thru lane, and walked the "couple of steps" over a concrete traffic island that separated the drive-thru lane from the parking spaces intended for restaurant patrons. Plaintiff then walked across the empty parking space adjacent to her auto, taking three steps toward the driver's side door. Plaintiff's left foot slipped on a substance on the asphalt parking space, and she fell on her right knee. Plaintiff was taken to Forsyth Memorial Hospital where X rays revealed that she had sustained a broken kneecap, which required surgery. Plaintiff suffers a twenty percent permanent partial disability of the knee as a result of the fall.

In her deposition, plaintiff stated that the parking lot was "basically" a well-lit area that "slopes" downward away from the restaurant and that on the evening of the accident she was wearing a skirt, sweater, and casual dress shoes with three-quarter inch heels. She also described the substance on which she slipped as being from an automobile, "[b]lack," "[t]hick, mucky like," "[m]ore like grease rather than oil," and two and one-half or three feet in "circular" dimension. The deposition made no mention of any other material on the parking lot surface. The complaint, however, describes the substance differently, as it refers to a "slick, greasy substance and other debris." Plaintiff stated in her deposition that the substance measured in thickness "as much as a sixteenth of an inch." Plaintiff was unable to say whether the greasy substance was located across from the restaurant entrance. Plaintiff also related in her deposition that she returned to the accident scene some

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

two and one-half weeks after the accident, and in response to defense counsel's inquiry as to whether the parking lot space was in "exactly the same" condition as on the day of the accident, plaintiff replied "Yes."

On 25 June 1990, defendant moved for summary judgment. At the hearing, defendant produced plaintiff's deposition, three sets of interrogatories answered by plaintiff, and seven photos of the parking lot taken approximately two months after plaintiff fell. Plaintiff produced no affidavits or anything else in response to defendant's motion. The trial court entered summary judgment in favor of defendant.

The Court of Appeals held that the trial court erred in granting summary judgment for defendant. While conceding that there is no evidence in the record that defendant knew or should have known of the existence of the substance, the Court of Appeals nevertheless concluded that this lack of evidence did not entitle defendant to summary judgment. The majority of the panel below held that defendant is entitled to summary judgment "only if it meets its burden of showing that it did not know, and should not have known," of the presence of the substance in the parking lot; because the record was bereft of such evidence, defendant failed to carry its burden, and therefore summary judgment was inappropriate. *Roumillat*, 103 N.C. App. at 442, 406 S.E.2d at 12.

In her dissenting opinion, Judge Parker contended that the majority employed the wrong test in assessing the propriety of the summary judgment granted in favor of defendant. We agree. Under *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989), defendant could have succeeded by showing that plaintiff was incapable of producing evidence of an essential element of her claim. According to the dissent, defendant in the instant case had demonstrated that plaintiff could not produce evidence to prove an essential element of her case—that defendant knew or should have known of the existence of the substance in the parking lot.

The North Carolina Rules of Civil Procedure provide that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). The burden of establishing

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

a lack of any triable issue resides with the movant. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). In *Collingwood v. G.E. Real Estate Equities*, we characterized this burden as follows:

> The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

324 N.C. at 66, 376 S.E.2d at 427; *see also Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E.2d 795 (1974). Once a moving party meets its burden, then the nonmovant must "produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial." *Collingwood*, 324 N.C. at 66, 376 S.E.2d at 427. In order to meet its burden, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial." N.C. R. Civ. P. 56(e). All inferences of fact must be drawn against the movant and in favor of the nonmovant. *Collingwood*, 324 N.C. at 66, 376 S.E.2d at 427.

[1, 2] The standard employed by the Court of Appeals in the instant case is not in accord with our well-established rule. Defendant was entitled to summary judgment if it was able either to show the nonexistence of an essential element of plaintiff's claim *or* to show that plaintiff could not produce evidence of an essential element of her claim. *Id.* Contrary to the view of the Court of Appeals, defendant was not required to produce evidence showing that it did not know or should not have known of the substance in its parking lot. Such a requirement lacks support in our law and is indeed erroneous. Language to the same effect appears in *Durham v. Vine*, 40 N.C. App. 564, 567-68, 253 S.E.2d 316, 319 (1979), and *Tolbert v. Tea Co.*, 22 N.C. App. 491, 494, 206 S.E.2d 816, 817 (1974), and is hereby disapproved.

[3] Further, the Court of Appeals erred in its application of the burdens of proof between the respective parties in the summary judgment proceeding. Under N.C. R. Civ. P. 56(e), after defendant

met its burden by showing that plaintiff could not come forward with a forecast of evidence that defendant knew or should have known of the presence of the substance and, having sufficient time to do so, negligently failed to remove it, the burden then was upon the plaintiff to make a contrary showing. Plaintiff's reliance on her complaint does not suffice. The trial court must go "beyond the pleadings to determine whether there is a genuine issue of material fact." *Zimmerman*, 286 N.C. at 29, 209 S.E.2d at 798; *see also Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 85, 249 S.E.2d 375, 378 (1978) ("Thus, plaintiff here cannot rely on his complaint alone to defeat defendant's motion for summary judgment since the motion is accompanied by competent evidentiary matters in support of it."). To hold otherwise, as the Court of Appeals did in the case at bar, would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.

[4-6] Finally, we disagree with the conclusion reached by the Court of Appeals that summary judgment for defendant was inappropriate in the instant case. In a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise "ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963). In order to prove that the defendant-proprietor is negligent, plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence. *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967). When the unsafe condition is attributable to third parties or an independent agency, *plaintiff* must show that the condition "existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or [to have] given proper warning of its presence." *Powell v. Deifells, Inc.*, 251 N.C. 596, 600, 112 S.E.2d 56, 58 (1960). In short, a proprietor is not the insurer of the safety of its customers. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E.2d 483 (1967).

[7] In the instant case, that defendant was on actual or constructive notice of the substance in the parking lot and failed to correct

**ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.**

[331 N.C. 57 (1992)]

it was an essential element of plaintiff's claim. Citing *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985), and *Southern Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 294 S.E.2d 750, *disc. rev. denied*, 307 N.C. 270, 299 S.E.2d 215 (1982), the Court of Appeals held that a triable issue of material fact existed as to whether defendant was aware or should have been aware of the substance on the parking lot surface. Scrutiny of these two cases, however, provides no support for the conclusion reached by the majority below.

In *Warren*, a grocery store patron slipped and fell as a result of human excrement that was deposited on the floor of defendant's store. In support of its motion for summary judgment, defendant submitted affidavits of three employees, each stating that the excrement was deposited immediately before plaintiff stepped in it. 78 N.C. App. at 165, 336 S.E.2d at 701. Plaintiff submitted her own affidavit contradicting defendant's evidence that the excrement had fallen onto the floor immediately prior to her stepping in it. In her affidavit, plaintiff stated that the excrement was dried and had footprints in it. In her answers to defendant's interrogatories, plaintiff stated that she was at the checkout counter for approximately fifteen minutes and during that time she saw no one enter or leave the store. Moreover, in her affidavit, plaintiff stated that an employee of the store informed her that he knew the excrement was on the floor but that it was not his job to clean it up. *Id.* at 165-66, 336 S.E.2d at 701-02. On this basis, the Court of Appeals concluded that a dispute existed as to a material fact regarding the length of time the excrement was actually on the floor, making summary judgment for defendant inappropriate.

The instant case is distinguishable. The plaintiff in *Warren* complied with her obligation to present in response to defendant's summary judgment motion a forecast of the evidence necessary to rebut defendant's contention that her claim was incapable of being sustained at trial. Here, plaintiff failed to offer any affidavits or other evidence in support of the bald assertion in her pleading that defendant knew or should have known of the greasy substance in its parking lot.

Similarly, *Southern Railway* does not provide a basis for the majority's holding below. There, plaintiff, who was an employee of defendant railway company, slipped and fell on some grain lying in a work area in which plaintiff regularly walked and had slipped

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

"time after time." Despite receiving complaints about the presence of the grain, defendant never took steps to remedy the situation. 58 N.C. App. at 674, 294 S.E.2d at 755. Because defendant was on notice of the dangerous condition and plaintiff had no choice but to encounter the condition in completing his job duties, the question of the reasonableness of defendant's failure to take additional precautions was for the jury to decide.

Unlike *Southern Railway*, in the instant case, plaintiff failed to forecast evidence that defendant was aware or should have been aware of the presence of the automobile grease. Plaintiff's own deposition testimony indicated that she did not see any grease as she, her husband, and her son initially walked across the "basically" well-lit parking area to enter defendant's restaurant. Significantly, plaintiff exited the restaurant within a few feet of the path she used to enter the restaurant, and her husband himself, less than an hour before, successfully traversed the very area on which plaintiff slipped. These facts are pertinent on the motion for summary judgment only insofar as they tend to show either that the grease spot was not so noticeable as to put defendant on notice of its existence or that the grease was deposited during the relatively brief time plaintiff and her family were within the restaurant, diminishing any prospect of constructive notice. Nor, for that matter, did plaintiff forecast any evidence as to the condition of the parking lot prior to plaintiff's fall. Thus, plaintiff was unable to carry her burden, and summary judgment for defendant was appropriately granted by the trial court.

Support for this view is found in recent cases decided by this Court as well as by the Court of Appeals. The mere fact that the automobile grease was present on the parking lot surface is not of itself dispositive of negligence. As the dissent below states, it is common knowledge that residues from engines frequently leak from parked automobiles. A proprietor has no duty to warn an invitee of an obvious danger or of a condition of which the invitee has equal or superior knowledge. *Harris v. Department Stores Co.*, 247 N.C. 195, 100 S.E.2d 323 (1957). Reasonable persons are assumed, absent a diversion or distraction, to be vigilant in the avoidance of injury in the face of a known and obvious danger. *Walker v. Randolph County*, 251 N.C. 805, 112 S.E.2d 551 (1960). In *Goard v. Branscom*, 15 N.C. App. 34, 189 S.E.2d 667, *cert. denied*, 281 N.C. 756, 191 S.E.2d 354 (1972), the Court of Appeals upheld a summary judgment under similar circumstances entered in favor

of defendant by then Judge (now Chief Justice) Exum. There, the Court of Appeals said:

the fact that oil may have been on the driveway does not constitute negligence . . . . It is common knowledge that . . . oil and grease often leak[ ] from automobiles, whether they are parked or moving. The record is silent as to how long the oil or grease that plaintiff stepped on had been there. We are of the opinion that no actionable negligence has been shown in this case and that there is no genuine issue as to any material fact germane to the cause of action.

*Id.* at 39-40, 189 S.E.2d at 670. The fact that plaintiff was unable to adduce evidence regarding how long the dangerous condition existed has been deemed significant by this Court. In *Hinson v. Cato's, Inc.,* we said:

Even if a negligent situation could be assumed here, had it existed a week, a day, an hour, or one minute? The record is silent; and since the plaintiff must prove her case, we cannot assume, which is just a guess, that the condition had existed long enough to give the defendant notice, either actual or implied.

The plaintiff has failed to meet the requirements which permit the cause to be submitted to the jury.

271 N.C. 738, 739, 157 S.E.2d 537, 538.

[8] Plaintiff also alleged in her complaint that defendant was negligent due to the downward slope of its parking lot. Because it appears that this argument was not raised by plaintiff before the Court of Appeals, plaintiff arguably waived any right to argue that the slope amounted to negligence here. N.C. R. App. P. 28(b). Because slope was discussed by Judge Parker in her dissent and because it was addressed in oral argument before this Court, we elect to address this issue pursuant to our supervisory powers. N.C. R. App. P. 2.

In response to defendant's interrogatory, plaintiff presented no evidence of any violation of any building code, ordinance, or regulation and failed to name any expert witnesses in this respect either in her interrogatory responses or at the summary judgment hearing. Scrutiny of the photographs presented by defendant in support of its summary judgment motion reveals nothing out of the ordinary about the slope of defendant's parking lot. Whether

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

slope constitutes negligence was addressed by this Court in *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S.E.2d 461 (1959). In *Garner*, we held that defendant, the owner of the premises, had no duty to warn plaintiff of the slope on its premises, which was in plain view, and had breached no duty to keep the premises safe. *Id.* at 160, 108 S.E.2d at 468; *see also Stoltz v. Burton*, 69 N.C. App. 231, 235, 316 S.E.2d 646, 648 (1984) ("It would be unjust and extremely burdensome to require . . . owners to . . . insure a perfectly even drop-off from the sidewalk to the parking lot at all points. The varying height of the drop-off is a natural result of the particular tract . . . .").

[9] Finally, plaintiff contended in oral argument before this Court that the photographs before the court at summary judgment revealed that the grease spot allegedly causing the fall was located so close to the entrance of the restaurant that a jury could reasonably have inferred that defendant was or should have been on notice. These photographs, while showing that the parking space where plaintiff fell is within eyesight of the restaurant entrance, support the deposition evidence that it is separated from that entrance by a raised entrance walkway or sidewalk, a drive-thru lane, and a low concrete parking barrier. At the summary judgment hearing, plaintiff presented no forecast of expert or lay testimony to attest to the reasonableness of detecting the substance on the basis of mere proximity. Further, plaintiff herself was unable to say whether the grease spot was located across from the restaurant entrance. These facts, in tandem with the fact that no evidence was presented as to how long the substance was present, made summary judgment appropriate.

Heretofore we have never concluded that proximity alone is indicative of negligence. Our case law is rife with findings by this Court and the Court of Appeals that affirmative showings of dangerous conditions even *within* defendant's premises do not suffice to make out a prima facie case of negligence. *See, e.g., Dawson v. Light Co.*, 265 N.C. 691, 144 S.E.2d 831 (1965); *Hill v. Allied Supermarkets, Inc.*, 42 N.C. App. 442, 257 S.E.2d 68 (1979). Negligence is not presumed from the mere fact of injury. Plaintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper. *Heuay v. Halifax Constr. Co.*, 254 N.C. 252, 118 S.E.2d 615 (1961).

**ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.**

[331 N.C. 57 (1992)]

In the absence of accompanying evidence from experts or lay witnesses, the photos themselves do not suffice to prove constructive notice on defendant's part. Cases are not to be submitted to a jury on speculations, guesses, or conjectures. *Hopkins v. Comer*, 240 N.C. 143, 81 S.E.2d 368 (1954). The law does not require omniscience on the part of defendants, and proof of negligence must rest on a more solid foundation than mere conjecture. *Clark v. Scheld*, 253 N.C. 732, 117 S.E.2d 838 (1961).

We conclude that after defendant carried its burden of showing the inability of plaintiff to forecast evidence of a material element of her negligence claim, namely, that defendant was aware or should have been aware of the greasy substance on the surface of its parking lot, plaintiff failed to satisfy her burden of responding with a forecast of evidence of that element of her claim. Further, absent notice, actual or constructive, of its presence, the failure to remove the grease does not constitute a breach of defendant's duty to maintain the premises in a reasonably safe condition. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Forsyth County, for reinstatement of the summary judgment in favor of defendant entered 20 July 1990.

Reversed and remanded.

Justice FRYE dissenting.

I agree with the majority that the Court of Appeals applied the wrong test for summary judgment, but I disagree that, on the facts of this case, summary judgment was properly entered in favor of defendant. I therefore dissent from that portion of the Court's opinion which holds that the Court of Appeals erred by reversing the trial court's entry of summary judgment.

"Negligence claims," wrote Justice (now Chief Justice) Exum for the Court, "are rarely susceptible of summary adjudication, and should ordinarily be resolved by trial of the issues." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983). "Hence, it is only in exceptional negligence cases that summary judgment is appropriate because the rule of the prudent [person] or other applicable standard of care, must be applied, and ordinarily the jury should apply it under appropriate instructions

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

from the court." *Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E.2d 137, 140 (1980).

In order to succeed, the moving party — in this case the defendant — must meet an initial burden of (1) proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party (2) cannot produce evidence to support an essential element of his or her claim or (3) cannot surmount an affirmative defense which would bar the claim. *Bernick v. Jurden*, 306 N.C. 435, 440-41, 293 S.E.2d 405, 409 (1982); *accord Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). " 'If the moving party fails in his showing, summary judgment is not proper regardless of whether the opponent responds.' " *Bernick*, 306 N.C. at 441, 293 S.E.2d at 409 (quoting *City of Thomasville v. Lease-Afex Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980) ). Furthermore, all inferences of fact at the summary judgment hearing "must be drawn against the movant and in favor of the party opposing the motion." *Collingwood*, 324 N.C. at 66, 376 S.E.2d at 427.

Thus, in this case, plaintiff did not need to respond with a more detailed forecast of her evidence until defendant met its initial burden. The majority holds that defendant met this initial burden by demonstrating through discovery that plaintiff could not produce evidence of actual or constructive notice on the part of defendant. I disagree.

As the majority states, in order to prevail at trial, plaintiff must show that the dangerous condition " 'existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or [to have] given proper warning of its presence.' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 343 (1992) (quoting *Powell v. Deifells, Inc.*, 251 N.C. 596, 600, 112 S.E.2d 56, 58 (1960) ). This duty to keep the premises in a reasonably safe condition "implies the duty to make reasonable inspection and to correct unsafe conditions which a reasonable inspection would reveal . . . ." *Rappaport v. Days Inn*, 296 N.C. 382, 387, 250 S.E.2d 245, 249 (1979).

In her deposition, plaintiff states that she and her family arrived at the Bojangles restaurant about 7:30 p.m. on 21 December 1987 and left between 8 and 8:15 p.m. Upon leaving the restaurant, plaintiff states that she slipped on a thick, mucky, greasy black

ROUMILLAT v. SIMPLISTIC ENTERPRISES, INC.

[331 N.C. 57 (1992)]

substance which measured two and one-half to three feet in circular dimension. She estimated that the substance was as much as a sixteenth of an inch in thickness. The parking space where she fell, according to photographs, is located near the entrance to the restaurant. Plaintiff also states in her deposition that when she returned to the restaurant two and one-half to three weeks later, "the parking space where I fell had more of a grease build up than the other areas." Defendant's attorney then asked plaintiff: "Did it [parking space] look exactly the same as it had on December 21, 1987 when this happened? Was the spot that you described there"? Plaintiff responded, "Uh huh. Yes."

Based on plaintiff's deposition, seven photographs, and three sets of interrogatories answered by plaintiff, the majority concludes that defendant met its burden of proving that plaintiff *cannot* produce evidence to support her claim. Defendant offered no affirmative evidence on the issue of notice, such as depositions by its own employees that they had inspected the parking area prior to plaintiff's spill and found no grease spot. *Cf. Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985) (*defendant* produced affidavits of two employees, each stating that the excrement which caused the plaintiff to slip was deposited on the floor immediately prior to the plaintiff's fall).

Considering the facts before the trial court in the light most favorable to the plaintiff, I believe a reasonable inference can be drawn that this large, mucky, greasy spot did not suddenly appear in the thirty to forty-five minutes that plaintiff was inside the restaurant. Photographs taken by the plaintiff approximately two months after her fall, and submitted by defendant in support of its motion for summary judgment, show spots of oil or grease in the parking space where plaintiff slipped. Given the size of the grease spot, its thickness, plaintiff's photographs and plaintiff's deposition statement that the grease spot was intact more than two weeks after her fall, a jury could reasonably infer that this particular parking spot, for whatever reason, had a coat of grease for some period of time prior to plaintiff's fall. Furthermore, given that the parking space is near the entrance of the restaurant, a reasonable jury could conclude that defendant should have been aware of the dangerous condition and taken steps to correct it.

The majority also suggests that summary judgment was appropriate in this case because oil or grease in a parking lot is

an obvious danger, and a "proprietor has no duty to warn an invitee of an obvious danger or of a condition of which the invitee has equal or superior knowledge." *Roumillat*, 331 N.C. at 66, 414 S.E.2d at 344 (citing *Harris v. Department Stores Co.*, 247 N.C. 195, 100 S.E.2d 323 (1957)). The majority relies on *Goard v. Branscom*, 15 N.C. App. 34, 189 S.E.2d 667, *cert. denied*, 281 N.C. 756, 191 S.E.2d 354 (1972), in which the Court of Appeals states that it is common knowledge that oil and grease leak from automobiles. *Id.* at 39-40, 189 S.E.2d at 670. The majority fails to mention, however, that the issue in *Goard* was not whether oil in parking lots is a common danger; instead, the issue was whether the plaintiff was an invitee or licensee on the church premises where she fell. *Id.* at 36, 189 S.E.2d at 668. The court held that plaintiff was neither an invitee nor a licensee, but rather "one of the persons in possession of the premises involved . . . ." *Id.* at 40, 189 S.E.2d at 670. Defendant, therefore, did not owe the plaintiff in *Goard* the same duty that defendant in this case owed plaintiff, an invitee of the restaurant.

Although it is well known that cars occasionally leak grease and oil, the question in this case is whether a large black oil or grease spill on an asphalt surface near the restaurant entrance should be so obvious to a restaurant patron at night that the restaurant has no duty either to warn or remove the danger. That question, I believe, is one better left to a jury, not a trial judge or appellate court.

For the reasons outlined above, I vote to modify and affirm the decision of the Court of Appeals.

Chief Justice EXUM and Justice LAKE join in this dissenting opinion.