70 F.3d 1261
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marian CZACHOWSKI, Plaintiff-Appellant,
v.
WAL-MART STORES, INCORPORATED, Defendant-Appellee.
 No. 95-1826.
 United States Court of Appeals, Fourth Circuit.
 Argued: November 1, 1995.
Decided: November 28, 1995.
 
 ARGUED: Edward Lewis Murrelle, Davis, Murrelle & Lumsden, P.A., Beaufort, NC, for Appellant. Andrew David Jones, Dunn, Dunn & Stoller, New Bern, NC, for Appellee. ON BRIEF: Raymond E. Dunn, Jr., New Bern, NC, for Appellee.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Marian Czachowski appeals the district court's grant of summary judgment to appellee, Wal-Mart Stores, Inc. The district court held that plaintiff's claim of negligence for a slip and fall was purely speculative and unsupported by evidence. We affirm.
 
 I.
 
 2
 On February 21, 1993, Czachowski, while perusing the health and beauty aid section of the Morehead City, North Carolina, Walmart, slipped and fell. An assistant manager who came to her aid detected a clear liquid on the floor as well as a shampoo bottle underneath the lip of the aisle. Czachowski suffered a wrist injury from the fall and on March 23, 1994, filed a complaint in state court, alleging Wal-Mart's negligence in maintaining its store. On June 27, 1994, Wal-Mart removed the case to federal court, and the district court subsequently granted Wal-Mart's motion for summary judgment.
 
 II.
 
 3
 The district court concluded that the plaintiff's claim of negligence was purely speculative and unsupported by evidence. Under North Carolina law, Wal-Mart's duty to its customers is to maintain its premises in a reasonably safe condition and to warn its customers of hidden dangers which the store either knows about or should know about. Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 414 S.E.2d 339, 342 (1992). Here, the record before the court showed that Wal-Mart, in accord with its safety policy, dry-mopped the entire store every two hours. There was no evidence that this safety sweep did not occur on the day of the fall or that Wal-Mart should have been aware of the virtually invisible substance upon which plaintiff slipped.
 
 
 4
 Having reviewed the record and heard oral argument, we agree that summary judgment was appropriate in this case and we affirm for the reasons stated by the district court in its opinion.
 
 AFFIRMED