**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DALE W. WOOD,
Plaintiff-Appellant,

v.                                                                          No. 96-1579

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-94-681)

Submitted: January 23, 1997

Decided: February 4, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Julie L. Bell, Charles O. Peed, Jr., CHARLES PEED & ASSO-
CIATES, Winston-Salem, North Carolina, for Appellant. Walter C.
Holton, Jr., United States Attorney, Gill P. Beck, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

During a heavy rainstorm, Dale W. Wood slipped and fell on the wet floor in the entranceway of the United States Post Office in Archdale, North Carolina, while he was attempting to leave the building. Wood filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346 (1994), alleging that he sustained back and arm injuries from the fall and that Defendant negligently failed to remove the water from the floor. Wood now appeals from the district court's order adopting the magistrate judge's recommendation to grant summary judgment for Defendant. We find no meritorious grounds for appeal; consequently, we affirm.

This court reviews de novo district court orders granting or denying summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). District courts may enter summary judgment only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (in banc). The facts and inferences to be drawn from the pleadings must be viewed in the light most favorable to the nonmoving party. Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir. 1991). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

To succeed with this premises liability claim under North Carolina law, Wood must show either that Defendant negligently created the condition that resulted in the injury or negligently failed to correct the condition after receiving actual or constructive notice of it. Roumillat v. Simplistic Enterprises, Inc., 414 S.E.2d 339, 342-43 (N.C. 1992). Because Wood failed to show that Defendant either created the condition or had actual or constructive knowledge of it, the district court properly granted summary judgment for Defendant.

We therefore affirm the district court's order adopting the magistrate judge's recommendation and granting summary judgment for Defendant. We dispense with oral argument because the facts and

2

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3