**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DIANNA WILKINS,
Plaintiff-Appellant,

v.                                                                    No. 95-2954

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-93-161-5-BR)

Argued: March 5, 1997

Decided: April 9, 1997

Before WILKINS, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Dolores Jones Faison, Jacksonville, North Carolina, for
Appellant. Eileen Coffey Moore, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie
Cole, United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dianna Wilkins brought this premises liability action against the United States, seeking to recover for injuries that occurred when she stepped into a hole on property maintained by the United States Post Office in Sharpsburg, North Carolina. See 28 U.S.C.A. § 2674 (West 1994). On appeal, Wilkins contends that the district court erred in granting judgment as a matter of law to the United States on the basis that she failed to establish negligence. We affirm.

I.

On June 17, 1990, Wilkins traveled with James Evans to the Sharpsburg post office to mail a letter. A drop box was positioned adjacent to the post office driveway with a chute protruding over the driveway. After Evans parked his automobile, Wilkins walked across a grassy area not normally frequented by postal customers. While crossing the grassy area, she stepped in a hole approximately ten inches in diameter and four feet deep.

Shortly after construction of the post office in June 1987, a temporary service pole was removed from the general vicinity of the drop box by an entity that was not affiliated with the United States. Wilkins asserted that the removal of the utility pole created the hole. However, Ronald Warren, the Sharpsburg Postmaster since 1976, did not recall ever seeing a utility pole on the premises. Furthermore, he testified that he was unaware of the hole prior to Wilkins' accident even though he regularly surveyed the property for maintenance problems or hazards. In fact, Warren walked on a daily basis in the area where Wilkins fell and had never seen the hole. Further, grounds-keepers who mowed the grass on a weekly basis had never reported the existence of a hole to Warren.

2

Wilkins initiated this action, alleging that the United States negligently failed to maintain the premises in a reasonably safe condition. Following a bench trial, the district court ruled that Wilkins failed to carry her burden of proof on the issue of negligence and granted judgment to the United States. See Fed. R. Civ. P. 52(c). The district court found that the United States discharged its duty to keep the premises in a reasonably safe condition since Warren regularly walked the grounds and conducted informal visual inspections of the property. It was not unreasonable under the circumstances, the district court concluded, that Warren had not discovered the hole. As a result, the district court determined that the United States was not negligent in failing to repair the condition or warn Wilkins of its existence. This appeal followed.

II.

North Carolina substantive law governs the resolution of Wilkins' claim. See 28 U.S.C.A. § 2674; Gupton v. United States, 799 F.2d 941, 942 (4th Cir. 1986). Under North Carolina law, a property owner "has a duty to exercise ordinary care to keep in a reasonably safe condition ... its premises ... and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." Roumillat v. Simplistic Enters., Inc., 414 S.E.2d 339, 342 (N.C. 1992) (internal quotation marks omitted). If the perilous condition can be attributed to a third party, the plaintiff must demonstrate that the hazard "existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or [to have] given proper warning of its presence." Id. at 343 (internal quotation marks omitted; alteration in original).

We review the factual determinations of the district court for clear error. See Carter v. Ball, 33 F.3d 450, 457 (4th Cir. 1994); Fed. R. Civ. P. 52(a). There is no evidence in the record that the United States created the hole or had actual notice of its existence. The sole issue, therefore, is whether reasonable inspection and supervision of the premises should have revealed the existence of the hole. Having had the benefit of oral argument and having carefully reviewed the record and the parties' briefs, we conclude that the district court did not clearly err in finding that the United States made reasonable efforts

3

to discover hidden and dangerous conditions on the premises and that the failure to find the hole was not negligent.

III.

Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>

4