***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The following documents were admitted into evidence as:
 EXHIBITS
1. Stipulated Exhibit #1: Plaintiff's medical records.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated at the Lumberton Correctional Institute (hereinafter "LCI") on 20 January 2001.
2. Plaintiff was entering the bathroom at approximately 12:45 p.m. on Saturday, 20 January 2001. After taking several steps, approximately five or six feet into the bathroom area, he slipped and landed on his lower back. The back of plaintiff's clothing was wet when he arose from the floor.
3. The tile in the bathroom area is gray and white and it is difficult to see water on the floor. The customary procedure is for the janitor to mop the bathroom floor in the morning and, if necessary, later at night.
4. The week prior to plaintiff's accident defendant assigned a new inmate, James Stanford to clean the bathroom floors in the area where plaintiff fell. Plaintiff contends that inmates who clean floors are required to complete a training course and Stanford did not take that course. Stanford mopped the bathroom floor more frequently than the customary cleaning schedule of twice a day.
5. Plaintiff testified that defendant uses an "all purpose cleaning" solution for general cleaning. However, "all purpose cleaner" is not suitable for use on floors because it makes tile flooring extremely slick. On prior occasions, plaintiff had observed Stanford pouring "all purpose cleaner" into the mop bucket. Plaintiff admitted that he did not see Stanford use the "all purpose cleaner" in the mopping solution on the date of his accident.
6. No warning sign had been posted in the area of the wet floor. An officer employed by defendant who came to the scene of the accident immediately instructed that a "wet floor" warning sign be posted. Plaintiff specifically testified that Stanford had placed an appropriate warning sign in the area of his work on all prior occasions.
7. Corrections Officer Leah Hammond was employed by defendant at LCI on 20 January 2001. She responded to plaintiff's accident. Plaintiff reported initially that he was uninjured. Plaintiff did not complain to Officer Hammond about Stanford's mopping of the floor.
8. Approximately one hour after the accident, plaintiff declared a medical emergency. He reported that he was experiencing spasms and intense pain in his back.
9. A nurse employed by defendant examined plaintiff and called Dr. Stephen Collins. Following her conversation with Dr. Collins, the nurse gave plaintiff prescription Motrin and told plaintiff Dr. Collins would see him the following Tuesday. Plaintiff, relying on his own medical knowledge, refused to take the prescription Motrin. Plaintiff complained to a Captain that he needed more immediate medical treatment. The Captain advised plaintiff that he could not "overrule" Dr. Collins' medical decisions and advised him to go back to his cell and rest.
10. Plaintiff returned to his cell as ordered but continued to complain of pain. A Sergeant visited plaintiff. After some time, another Sergeant visited plaintiff. As a result, plaintiff was transported to a local emergency room.
11. An x-ray was taken at the local emergency room. Plaintiff testified that the attending physician reported that plaintiff had refractured his coccyx, which plaintiff had previously fractured in 1995. He was given prescription medications and instructions to see defendant's physician at LCI.
12. Plaintiff received appropriate medical care subsequently from defendant. A repeat x-ray examination was conducted. The x-rays indicated a "questionable fracture that may represent a previous trauma." The final diagnostic conclusion was "probably" a non-displaced fracture at the junction of the coccyxgeal vertebra and sacrum.
13. Plaintiff continued to report pain associated with his fall. On 25 January 2001, a nurse employed by defendant noted tenderness in plaintiff's lower back and coccyx area. A very small bruise was also noted.
14. Plaintiff continued to express complaints of pain through June 2000, at which time an MRI was obtained at Central Prison. A small central subligamentous disc herniation was indicated but there was no evidence of a true herniated nucleus pulposus. No nerve compression was indicated.
15. Plaintiff received Vicodan ES from January through July 2002. By late July 2002, plaintiff's medication was changed to prescription Ibuprofen. In August 2002, plaintiff's medication was changed to Tylenol ES. Plaintiff also participated in physical therapy.
16. The greater weight of the evidence establishes that Stanford was an employee, involuntary servitude or agent of defendant for the purpose of cleaning the floor on 20 January 2001.
17. The greater weight of the evidence establishes that Stanford was negligent in mopping the bathroom floor on which plaintiff slipped and fell by failing to place an appropriate warning sign indicating the floor was wet. The failure to place an appropriate warning sign in the area was a deviation from customary practice.
18. The greater weight of the evidence establishes that plaintiff was not contributorily negligent by failing to see the water on the floor because the color of the floor made it difficult to detect water and Stanford had not posted an appropriate warning sign.
19. Plaintiff has not proven by the greater weight of the evidence that Stanford was negligent on this occasion by using "all purpose cleaner" in the mopping solution. There is no specific credible evidence that the improper cleaner was used on this occasion. Plaintiff specifically testified that his clothing was wet when he arose from the floor but he did not testify that the water was unusually slick or felt as if it contained any cleaning solution.
20. As a proximate result of his fall, plaintiff exacerbated the preexisting fracture of his coccyx. The evidence establishes that the exacerbation of the previous fracture lasted until August 2001. The medical records in evidence clearly demonstrate that plaintiff has a significant preexisting history of lower back and coccyx pain associated with his 1995 injury. Defendant medical records establish that plaintiff consistently requested medical treatment for pain associated with his 1995 coccyx injury from 1997 through 2000. Defendant physicians consistently prescribed a variety of medications for the reported pain. It appears that after August 2001, plaintiff was experiencing symptoms which were substantially the same as those which predated his accident. In addition, the level of pain medication plaintiff required returned to the equivalent level of medications he received prior to the 20 January 2001 accident.
21. Plaintiff has not proven that he has any continuing injuries from the 20 January 2001 slip and fall despite his testimony that he has difficulty sitting on occasions and that his coccyx hurts frequently. Defendant medical records clearly document similar chronic complaints prior to the 20 January 2001 injury.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Stanford was an employee, involuntary servant or agent of defendant in performing his janitorial duties assigned by defendant. N.C. Gen. Stat. § 143-291(a).
2. Defendant has a duty to exercise ordinary care to keep its premises in a reasonably safe condition and to warn of any hidden dangers, which it knew or should have known. See, e.g., Lamm v. Bissette Realty, Inc.,327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Failure to do so constitutes negligence. See Roumillat v. Simplistic Enterprises, Inc.,331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992).
3. It is reasonable to expect Stanford to appreciate the danger the wet floor presented to pedestrians using the bathroom. In the exercise of ordinary care, a sign warning of the wet condition of the floor should have been placed in the bathroom area, and the evidence shows that it was the customary practice to use a warning sign in such instances. Therefore, Stanford's failure to place an appropriate warning sign in the bathroom area which was wet as a result of the mopping constitutes negligence. N.C. Gen. Stat. § 143-291(a).
4. Plaintiff has a duty to avoid injury as "[r]easonable persons are assumed, absent a diversion or distraction, to be vigilant in the avoidance of injury in the face of a known and obvious danger." Roumillatv. Simplistic Enterprises, Inc., 331 N.C. at 66, 414 S.E.2d at 344. A person who can understand and avoid a known danger but fails to do so is chargeable with contributory negligence. See Presnell v. Payne,272 N.C. 11, 13, 157 S.E.2d 601, 602 (1967). The test for contributory negligence is whether a person using ordinary care for his or her safety under similar circumstances would have recognized the danger. See Norwoodv. Sherwin-Williams Co., 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981).
5. Plaintiff was not contributorily negligent in failing to see the water on the bathroom floor given the difficulty of seeing water on that specific color of flooring and the lack of an appropriate warning sign. N.C. Gen. Stat. § 143-291(a).
6. As a proximate cause of his fall, plaintiff sustained an exacerbation of his previously fractured coccyx. The exacerbation resulted in increased pain and discomfort from the date of the accident through August 2001. A reasonable sum for the exacerbation of Plaintiff's preexisting injury is $400.00. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover the sum of $400.00 from defendant for the injuries he sustained as a result of his 20 January 2001 accident and defendant shall pay plaintiff this sum as money damages.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of June, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN