***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Decision and Order of the Deputy Commissioner, with minor modifications.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. Billy Ray Locklear, is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction (hereinafter "NCDOC"). *Page 2 
Plaintiff has alleged that Correctional Officer K. Pittman, a transportation officer employed by defendant, breached a duty of reasonable care to protect plaintiff from falling out of a transport vehicle on June 12, 2008.
2. Plaintiff testified that on June 12, 2008, he was being transported from one of Defendant's facilities where he had undergone surgery, to another of its facilities. Plaintiff's cane, which he used to ambulate, was taken from him by Correctional Officer K. Pittman upon entering the bus and was secured. While stopped at a facility in Sandy Ridge, Plaintiff requested that he be given pain medication because he had not taken any for a significant period of time. The nurse at Sandy Ridge, and an employee of the Defendant, requested that Plaintiff exit the bus so that he could enter the facility and be seen by the on-site nurse. Plaintiff attempted to exit the bus without the use of his cane, but was unsuccessful, and fell to the ground. Plaintiff alleges that he suffered injuries as a result of this fall.
3. Correctional Officer Pittman testified at the hearing that Plaintiff fell as he was boarding back onto the bus at Sandy Ridge. Correctional Officer Pittman further testified that he was standing right at the back of the bus as Plaintiff was boarding, and attempted to catch Plaintiff as he fell off to the side.
4. The Full Commission finds that there is conflicting testimony as to the exact details pertaining to Plaintiff's fall.
5. The Full Commission gives greater weight to the testimony of Correctional Officer Pittman.
6. The Full Commission finds that Plaintiff has not proven, by a preponderance of the evidence, that Defendant was negligent at the time that Plaintiff fell. Plaintiff has failed to *Page 3 
establish that Defendant breached a duty of care owed to Plaintiff based upon the manner in which Plaintiff either boarded or exited the bus.
7. The Full Commission further finds that the greater weight of the evidence actually demonstrates that Officer Pittman was performing his job duties as expected by Defendant.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009).
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. "In order to prove that the defendant[] is negligent, plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence."Roumillat v. Simplistic Enterprises, Inc.,331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992). *Page 4 
5. Having failed to demonstrate that any employee of Defendant could reasonably foresee injury to an inmate either entering or exiting from the transfer vehicle, Plaintiff has not met his burden of proof. Accordingly, Plaintiff's tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Plaintiff is not entitled to receive any damages from defendant.
3. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the ___ day of March 2011.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1